522 S.E.2d 909

**UNIVERSITY OF WEST VIRGINIA BOARD OF TRUSTEES/WEST VIRGINIA UNIVERSITY, Petitioner Below, Appellee,**

v.

**Thomas E. AGLINSKY, Respondent Below, Appellant.**

**No. 25895.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 1, 1999.

Decided Oct. 13, 1999.

this Court reverse the circuit court's order. Having reviewed the parties' arguments on appeal, the record designated for appellate review, and the pertinent authorities, we reverse the decision of the Circuit Court of Kanawha County.

## I.

### FACTUAL AND PROCEDURAL HISTORY

Aglinsky began his employment as a custodian with WVU in 1991. In November of 1995, Aglinsky was transferred to WVU's Department of Public Safety in the supervisory position of Parking Attendant II. Aglinsky was unable to satisfactorily perform the job as a Parking Attendant II. In March of 1996, he was demoted to the nonsupervisory position of Parking Attendant I.[1]

WVU terminated Aglinsky in July of 1996. The termination occurred as a result of Aglinsky writing a notation on a ticket that read: "Person clapped his hands. He said I will pay the ticket. What is it $1.50?" Aglinsky had previously been counseled by WVU not to write purported "personal messages" on tickets.[2] Subsequent to his termination, Aglinsky filed for unemployment compensation benefits. It was initially determined by a deputy administrator for West Virginia Bureau of Employment Programs, that Aglinsky was disqualified from receiving benefits. The deputy administrator found that Aglinsky "failed to comply with a known policy after having received prior written warning. His action was an act of gross misconduct."

Aglinsky protested the denial of benefits. A hearing was conducted before an Administrative Law Judge (ALJ). The ALJ re-

Darrell V. McGraw, Jr., Attorney General, Samuel R. Spatafore, Assistant Attorney General, Charleston, West Virginia, Attorneys for Board of Trustees/West Virginia University.

Mary B. McLaughlin, Charleston, West Virginia, Attorney for Bureau of Employment Programs.

Kathleen Abate, Cohen, Abate & Cohen, Fairmont, West Virginia.

PER CURIAM:

This is an appeal by Thomas Aglinsky, Appellant/Respondent below (hereinafter referred to as "Aglinsky"), from an order of the Circuit Court of Kanawha County reversing a decision by the Board of Review of the West Virginia Bureau of Employment Programs (hereinafter referred to as "Board of Review"). The Board of Review determined that Aglinsky was eligible for unemployment benefits without disqualification. The circuit court found that Aglinsky's termination by the University of West Virginia Board of Trustees—West Virginia University, Appellee/Petitioner below (hereinafter referred to as "WVU"), was for gross misconduct. Therefore, Aglinsky was disqualified from receiving unemployment compensation benefits. In this appeal, Aglinsky seeks to have

---

1. During his brief employment as a Parking Attendant II he was given three letters of warning. The first letter of warning indicated Aglinsky was unable to write enough parking tickets. This warning stated that he had to increase his ticket writing. During a specified period he wrote 53 tickets when previous tickets written for the same period totaled 483. He received a second letter of warning regarding his failure to properly fill out sick leave forms. The third letter of warning was given to Aglinsky as a result of his only writing 53 tickets for a specified period of time when another worker wrote 128 tickets for the same time period. A fourth letter of warning was apparently issued to Aglinsky either just prior to or immediately after his demotion. The fourth letter indicated that Aglinsky would be terminated if he did not perform his duties in a satisfactory manner.

2. In the first writing of a personal message on a ticket, Aglinsky placed the following on a ticket form: "Herman Moses said do not write anymore tickets. They were having a party. I said I would get fired for not writing tickets by Jim Enoch. Moses said he would take care of it."

versed the decision of the deputy administrator. The ALJ held that Aglinsky was eligible without disqualification for benefits as the reason for his termination did not involve an act of gross misconduct. WVU appealed the ALJ decision to the Board of Review. The Board of Review affirmed the decision of the ALJ. WVU appealed the decision of the Board of Review to the circuit court.

After a review of the record, the circuit court held that the Board of Review committed error in affirming the decision of the ALJ. The circuit court ruled that "[t]he act itself of simply writing a personal message on a citation is not deemed gross misconduct." However, the circuit court found that the cumulative conduct of Aglinsky amounted to gross misconduct. The circuit court's order stated that "it is not unreasonable to characterize multiple failures to follow reasonable work directives as substantial or willful disregard, and thus gross disqualifying misconduct ..., if the omissions occur so numerously as to negate any possibility that the misconduct was the result of a lack of being informed about specific job policies and procedures." Aglinsky now appeals the circuit court's order.

## II.

### STANDARD OF REVIEW

■ This Court held in syllabus point 3 of *Adkins v. Gatson,* 192 W.Va. 561, 453 S.E.2d 395 (1994) that:

The findings of fact of the Board of Review of the [West Virginia Bureau of Employment Programs] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is de novo.

This Court also pointed out long ago in syllabus point 6 of *Davis v. Hix,* 140 W.Va. 398, 84 S.E.2d 404 (1954), that "[u]nemployment compensation statutes, being remedial in nature, should be liberally construed to achieve the benign purposes intended to the full extent thereof." *See* Syl. pt. 2, *Smittle v. Gatson,* 195 W.Va. 416, 465 S.E.2d 873 (1995); Syl. pt. 1, *Perfin v. Cole,* 174 W.Va. 417, 327

S.E.2d 396 (1985). We have been consistent in holding that "unemployment compensation statutes should be liberally construed in favor of the claimant[.]" *Davenport v. Gatson,* 192 W.Va. 117, 119, 451 S.E.2d 57, 59 (1994).

## III.

### DISCUSSION

■ This Court has recognized that West Virginia's statutory eligibility and disqualification provisions concerning the receipt of unemployment compensation benefits establish a two-step process. *Hill v. Board of Review,* 166 W.Va. 648, 276 S.E.2d 805 (1981). The first step requires determining whether an individual is eligible to receive such benefits. The second step is to consider whether the individual is disqualified. *Lough v. Cole,* 172 W.Va. 730, 310 S.E.2d 491 (1983). No issue has been raised before this Court concerning Aglinsky's eligibility for unemployment compensation benefits. This Court, therefore, has before it the very narrow question of whether Aglinsky was properly disqualified from receiving such benefits.

■ Simple misconduct does not result in disqualification. On the other hand, misconduct of an extreme degree which is so recurrent as to show a substantial disregard for the employee's duties to his or her employer can result in disqualification. *Kirk v. Cole,* 169 W.Va. 520, 288 S.E.2d 547 (1982). In cases of doubt, the law favors the construction which does not work a disqualification. *Peery v. Rutledge,* 177 W.Va. 548, 355 S.E.2d 41 (1987).

■ In the instant proceeding, the circuit court found that the incident involving Aglinsky's writing a personal note on a ticket, for which he was terminated, did not rise to the level of gross misconduct as defined by statute. We agree. Under W. Va.Code § 21A–6–3(2) (1996) gross misconduct is defined as:

Misconduct consisting of willful destruction of his employer's property; assault upon the person of his employer or any employee of his employer, if such assault is committed at such individual's place of employment or in the course of employment; reporting to work in an intoxicated condition, or being intoxicated while at work;

reporting to work under the influence of any controlled substance, or being under the influence of any controlled substance while at work; arson, theft, larceny, fraud or embezzlement in connection with his work; or any other gross misconduct[.] Aglinsky's personal notation on the ticket is not the type of conduct which is outlined as gross misconduct by statute.

 The circuit court reasoned that, cumulatively, Aglinsky's misconduct rose to the level of gross misconduct. The circuit court's rationale was premised upon the "any other gross misconduct" language found in the statute. The statute defines the words "any other gross misconduct" to "include, but not be limited to, any act or acts of misconduct where the individual has received prior written warning that termination of employment may result from such act or acts." WVU insists that its fourth letter of warning to Aglinsky, wherein he was informed that he would be fired for further misconduct, satisfies the requirements of "any other gross misconduct." We think not.[3]

The circuit court was correct in finding that cumulative misconduct could amount to gross misconduct under the statute. The error, however, committed by the circuit court was its failure to independently examine the underlying misconduct to determine gross misconduct in its cumulative form. In other words, a mere tallying of incidents of misconduct is insufficient to determine if prior misconduct constitutes gross misconduct.

In our examination of the other incidents of misconduct by Aglinsky, we find that (1) he was warned twice that he failed to write sufficient tickets; (2) he was warned about improperly filling out a sick leave form; and (3) he received a warning about writing personal messages on tickets. We believe that it would be unreasonable and contrary to the legislative intent that the unemployment statute be given a liberal interpretation, to conclude that the cumulative effect of Aglinsky's misconduct equals gross misconduct. We have not been called upon, nor do we decide whether such misconduct was sufficient to terminate Aglinsky. However, we find that cumulatively Aglinsky's misconduct was insufficient to be categorized as gross misconduct for unemployment compensation purposes.

## IV.

## CONCLUSION

For the reasons set forth herein, we find that the Circuit Court of Kanawha County erred in finding Aglinsky's termination was for gross misconduct. As such, we reverse the circuit court's order.

Reversed.

Judge RISOVICH, sitting by temporary assignment.

---

**3.** WVU cites to the per curiam decision of this Court in *Helm v. Gatson*, 180 W.Va. 625, 378 S.E.2d 667 (1989), as support for its position.

Per curiam opinions are not controlling outside of their syllabus points.