453 S.E.2d 395

Sharon S. ADKINS, Appellant,

v.

Cathy S. GATSON, Clerk of the Circuit Court of Kanawha County; The Board of Review of the West Virginia Department of Employment Security, and The Raleigh County Board of Education, Appellees.

No. 22308.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 27, 1994.

Decided Dec. 21, 1994.

ployment compensation benefits to the appellant by the Board of Review of the West Virginia Department of Employment Security (Board of Review). The appellant filed a writ of certiorari requesting this Court reverse the decision of the circuit court and reinstate the decision of the Board of Review. The circuit court ruled there was insufficient evidence to support the appellant's claim to unemployment compensation benefits as a result of the failure of the Raleigh County Board of Education (Board of Education) to hire her during the summer of 1992. The denial of benefits was pursuant to W.Va.Code, 21A–6–15(2)(b) (1987), which prohibits the payment of unemployment compensation benefits between academic years or terms if the individual applying for the benefits worked during the initial period and has a reasonable assurance of reemployment during the successive term. The appellant argues that this provision is inapplicable to her because she had a second separate job and contract covering the intervening period. We disagree, and we hold under the facts of this case that she has one employment contract. Thus, the circuit court correctly reversed the finding of the Board of Review. We further find that in the absence of substantial evidence of a second separate contract, W.Va.Code, 21A–6–15(2)(b), is controlling, and the plaintiff is not entitled to unemployment compensation benefits.

John Everett Roush, Charleston, for appellant.

Erwin L. Conrad, Conrad & Clay, Fayetteville, for appellee Raleigh County Bd. of Educ.

Robert M. Nunley, Sr. Asst. Atty. Gen., Charleston, for appellee Bd. of Review of West Virginia Dept. of Employment Sec.

CLECKLEY, Justice:

The appellant, Sharon S. Adkins, appeals from a decision of the Circuit Court of Kanawha County reversing the granting of unem-

## I.

### FACTS

The hiring practice of the Board of Education was to employ a paint crew to work during the summer months.[1] In the summer of 1992, however, the Board elected not to follow past practice and did not hire a paint crew for the entire summer months. As a result, the appellant worked for the Board for only one week during the summer of 1992. Realizing that there would be no paint crew hired for the summer, the appellant applied for a position on the grass-cutting crew, but was not employed because of her lack of seniority. The appellant claims that

---

1. The appellant has worked for the Raleigh County Board of Education as a full time bus driver for eleven years. This position is for ten months annually leaving the appellant free during the summer months to seek other employment.

as a result of her lack of summer employment with the Board of Education, she suffered a loss of employment and a loss of wages during the summer of 1992.

The appellant filed a claim for unemployment compensation benefits on or about July 13, 1992, but the claim was denied. Specifically, a deputy commissioner held: "Claimant eligible.... Claimant disqualified ...; ... has reasonable assurance of reemployment.... Disqualified from June 28, 1992 to August 22, 1992." The denial of benefits was based on W.Va.Code, 21A–6–15(2)(b), which generally provides that benefits should not be paid to education employees between terms when there is a reasonable assurance of continued employment.

Following the denial, the appellant appealed the deputy commissioner's decision. On August 14, 1992, an evidentiary hearing was held before Carl Harris, an Administrative Law Judge (ALJ). The ALJ issued an opinion on September 16, 1992, affirming the deputy commissioner's decision based on W.Va.Code, 21A–6–15(2)(b). The ALJ also found that in the past the appellant received additional work in the summer which did not affect the laws that pertain to school employees and their entitlement to benefits during breaks in the school year or summer vacation.

On September 24, 1992, the appellant appealed the ALJ's decision to the Board of Review. By decision dated February 16, 1993, the Board of Review modified the decision of the ALJ and ruled the appellant was not disqualified from receiving unemployment compensation benefits. The Board of Review found that ordinarily personnel such as the appellant are not entitled to receive unemployment compensation benefits between two successive academic terms or years; "however, the record in this case reflects that the claimant has historically worked during the summertime with the ... employer." The Board of Review found the

aforementioned Code section should be construed to allow the appellant to be eligible for unemployment benefits for her lack of work and lost wages.

The Board of Education appealed the Board of Review's decision to the Circuit Court of Kanawha County. By final order entered February 9, 1994, the circuit court reversed the decision of the Board of Review and reinstated the decision of the ALJ. The appellant now appeals to this Court.

## II.

## DISCUSSION

 W.Va.Code, 21A–6–15(2)(b), prohibits the distribution of unemployment compensation benefits to educational employees between "two successive academic years or terms" if the employee works during the first term and has a reasonable assurance of reemployment during the successive term.[2] Service personnel employed by an educational institution, who hold a second and separate contract covering the period between two successive academic terms, and who are not reemployed for a consecutive period under the second contract, may escape the prohibitions in W.Va.Code, 21A–6–15(2)(b), and, thus, be entitled to unemployment compensation benefits. To come within this exception, however, the claimant must prove the existence of an explicit and valid contract or some other definite behavior of the employer establishing a continuing contractual relationship. Thus, the central issue in this case is whether the appellant, in light of her other job position, established a summertime employment relationship stemming from previous summer employment that could remove her from the statutory restrictions.

 Our decisions have been constant that "unemployment compensation statutes should be liberally construed in favor of the

2. The pertinent section of W.Va.Code, 21A–6–15(2)(b), provides:

"With respect to services in any other capacity for an educational institution, benefits shall not be paid on the basis of such services to any individual for any week which commences during a period between two successive academic years or terms if such individual performs such services in the first of such academic years or terms and there is a reasonable assurance that such individual will perform such services in the second of such academic years or terms[.]"

claimant[.]" *Davenport v. Gatson,* 192 W.Va. 117, 119, 451 S.E.2d 57, 59 (1994); *see also Mercer County Bd. of Educ. v. Gatson,* 186 W.Va. 251, 412 S.E.2d 249 (1991); *Courtney v. Rutledge,* 177 W.Va. 232, 351 S.E.2d 419 (1986); *London v. Board of Review of Dept. of Employment,* 161 W.Va. 575, 244 S.E.2d 331 (1978). This "liberality" rule is not to be utilized when its application would require us to ignore the plain language of the statute. *See* Syllabus Point 3, *Francis O. Day Co. v. Director, D.E.P.,* 191 W.Va. 134, 443 S.E.2d 602 (1994) (" ' "[w]here the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation." ' " (citations omitted)).

W.Va.Code, 21A–6–15(2)(b), prohibits the receipt of unemployment compensation benefits for certain employees of educational facilities if that employee has a reasonable assurance of employment in the following academic period. The appellant does not dispute this interpretation of the statute, but instead embraces it. The appellant acknowledges that her 200–day or approximately 10–month contract would normally prevent her from receiving unemployment compensation benefits; but, she argues that a second summertime employment contract removes her from the statutory prohibition. She claims that the denial of her employment expectations for the summer of 1992 entitled her to unemployment compensation benefits. On the other hand, the Board of Education argues that the circuit court was correct in reversing the Board of Review because the Board of Review's findings were not supported by the facts and were wrong as a matter of law.

In this case, the ALJ concluded, from hearing all the evidence of record, that the appellant's proof was insufficient to sustain her claim of entitlement to unemployment compensation benefits for the summer of 1992. Under the statutory scheme of W.Va. Code, 21A–7–1 *et. seq.,* the findings of the ALJ are recommendations only and are not binding on the Board of Review. Specifically, W.Va.Code, 21A–7–21 (1943), provides:

> *"Weight accorded board's findings of fact.* In a judicial proceeding to review a decision of the board, the findings of fact of the board shall have like weight to that accorded to the findings of fact of a trial chancellor or judge in equity procedure."

█ In applying this statute, this Court has observed that the findings of fact of the Board of Review of the West Virginia Department of Employment Security are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. Syllabus Point 1, in part, *Kisamore v. Rutledge,* 166 W.Va. 675, 276 S.E.2d 821 (1981) ("findings of fact by the Board of Review should not be set aside . . . [in a case of this nature] unless such findings are plainly wrong"). If the question on review is one purely of law, no deference is given and the standard of judicial review by the courts is *de novo. See* Syllabus, in part, *Belt v. Rutledge,* 175 W.Va. 28, 330 S.E.2d 837, (1985) (quoting Syllabus Point 1, *Kisamore v. Rutledge, supra* stated "the plainly wrong doctrine does not apply to conclusions of law by the Board of Review").

The issue we must address is whether the findings made by the Board of Review were factual, legal, or mixed.[3] On appeal, the circuit court reversed the Board of Review and stated: "The issue in this case with respect to disqualification raises essentially a question of law. Therefore, the scope of

---

**3.** The Board of Review in its Order merely stated, in pertinent part, as follows:

"During the summer the claimant has historically not worked as a school bus driver. Rather the claimant has worked as a maintenance employee ordinarily on a paint crew. The claimant has been so employed for the past six summers. Thus, the claimant has never been unemployed for any length of time since his (sic) employment commenced with the above employer."

"[T]he record in this case reflects that the claimant has historically worked during the summertime with the above employer. Thus, he (sic) has been employed by the above employer at all times in the past. For that reason, the Board is of the opinion that the above cited Statute does not imply (sic) to the lack of work suffered by the claimant in the summertime."

judicial review known as the plainly wrong doctrine does not apply[.]"[4]

■ We believe the issues in this case are both factual and legal. The nature and duration of the appellant's summer employment were factual issues for the Board of Review to resolve, and we give substantial deference to its determinations. The question as to whether the statute permitted the appellant to receive unemployment compensation benefits for her summer unemployment is one of statutory interpretation, and our review on this issue is plenary and *de novo.* *Donley v. Bracken,* 192 W.Va. 383, 452 S.E.2d 699, 703 (1994) ("[i]nterpreting a statute is a legal issue, and hence our review of the statute is plenary").

■ Against this background, we review the appellant's claim for unemployment compensation benefits. W.Va.Code, 21A–6–15(2)(b), is designed to prevent individuals who are employed for less than the full twelve-month calendar year from gaining unemployment compensation benefits during the months that they are not required to work. As we have suggested, an exception to this statute occurs when a claimant employed under a contract covering less than twelve months provides proof of the existence of another contract during the remaining period giving him or her a reasonable assurance of reemployment, in this case, during the successive summer months. Thus, a person holding a secondary contract of this nature could be entitled to unemployment compensation benefits if not reemployed during the second contractual period if this second contract created a continuing relationship.

The employment relationship of State educational employees is highly regulated, as evidenced by the extensive provisions in the West Virginia Code governing numerous aspects of the relationship.[5] In fact, the standard employment contract for service personnel, like the appellant, is written into the Code.[6] Therefore, it is reasonable to assume that the Board of Education would use the statutorily mandated employment contract before entering into any employment relationship that could be considered continuing. Here, there is no evidence of a written contract establishing an employment relationship; instead, the appellant simply argues that a second contract exists.

■ Granted, under our common law, the Board of Education cannot take advantage of the absence of a written contract if its behavior or conduct caused the appellant reasonably to believe that a contractual employment arrangement existed. *See Reed v. Sears, Roebuck & Co., Inc.,* 188 W.Va. 747, 426 S.E.2d 539 (1992) (employee handbooks could create implied employment contract); *Sayres v. Bauman,* 188 W.Va. 550, 425 S.E.2d 226 (1992) (oral promises of an employer could establish an employment relationship); *Adkins v. Inco Alloys Intern., Inc.,* 187 W.Va. 219, 417 S.E.2d 910 (1992) (in establishing an implied contract right based on custom and usage, clear and convincing evidence must show the practice occurred a sufficient number of times under the same conditions). The employee's burden of proof is one of "clear evidence" of the employer's behavior, and that evidence must be sufficient to justify a reasonable person to believe that a continuing contractual relationship exists. Syllabus Point 3, *Adkins v. Inco Alloys Intern., Inc., supra* ("[w]here an employee seeks to establish a permanent employment contract or other substantial employment right, either through an express promise by

---

4. Unfortunately, the circuit court made no specific findings nor did it point out to what specific part of the Board of Review's decision it was referring. The circuit court's order resolved the issue by stating: "After a thorough review of the record and all assignments of error this Court concludes that the question of law in this case was decided incorrectly by the board." Again, the order does not make mention of the specific question of law that was allegedly wrongly decided.

5. *See generally* W.Va.Code, 18A–1–1 (1981), *et seq.,* covering employment of "school personnel." "Service personnel" is defined as "those who serve the school or school as a whole, in a nonprofessional capacity, including such areas as secretaries, custodial, maintenance, transportation, school lunch, and as aides." W.Va.Code, 18A–1–1(e) (1981).

6. W.Va.Code 18A–2–5 (1988), lists the contract for employment for service personnel.

the employer or by implication from the employer's personnel manual, policies, or custom and practice, such claim must be established by clear and convincing evidence").

We find it unnecessary to question or second guess the Board of Review's factual findings. Assuming, *arguendo*, that the appellant has worked for the defendant for the past six years that fact alone is insufficient to establish her entitlement to unemployment compensation benefits. We hold that the appellant has failed to establish a continuing employment contract under any theory that would qualify as an exception to the statute. The appellant does not claim that the Board of Education made any specific promises or that she acted to her detriment in relying on any understanding with the Board of Education in reference to continued employment for summer work. Additionally, there is no evidence that there was any kind of employee handbook or other written materials that would reasonably suggest that employment for one summer guaranteed employment for succeeding years. The absence of a promise or written materials suggests that any summertime employment arrangement prior to the summer of 1992 could not be the basis for any reasonable expectation establishing a continuing relationship. Thus, the Board of Education's failure to rehire the appellant for her desired summer job in 1992 does not remove the appellant from the statutory restrictions.

The remaining issue is whether the appellant can establish her claim under W.Va.Code, 18A–2–6 (1989), which provides for the continuing contract status of service personnel and termination of employment. W.Va.Code, 18A–2–6, grants continuing contract status to service employees after "three years of acceptable employment." [7] Thus, the appellant would have to show (1) that the legislature intended this provision of the Code to apply to summer or short-term employment, and (2) that the appellant had worked three consecutive summers. The problem here is that this Code section presumes the existence of a contract and, as previously stated, the appellant cannot establish the existence of a contract. However, we have held that, under certain conditions, employees can still take advantage of this statutory provision in the absence of a valid contract. *See Bonnell v. Carr*, 170 W.Va. 493, 294 S.E.2d 910 (1982) (the failure of employees to sign a continuing contract does not destroy the employees' continuing contract status where employees who had not signed the contract were treated the same as those who did sign a continuing employment contract).

Even if we found the appellant has established that a summer contract previously existed, language within W.Va.Code, 18–5–39 (1991), supports the circuit court's ruling that summer employees are not entitled to rely on the existence of a previous summer job to establish that a succeeding summer's lack of employment entitles the employee to unemployment compensation benefits. W.Va. Code, 18–5–39, provides for the establishment of summer school programs. As part of this program "the county board of education is authorized to employ school service personnel[,]" and "[a]n employee who was employed in any service personnel job or position during the immediate previous summer shall have the option of retaining such job or position *if such exists during any succeeding summer.*" (Emphasis added). The clause "if such exists during any succeeding summer" shows that, barring a specific contract to the contrary, the legislature intended to give service employees of educational institutions the right to a continuing employment contract only if the same job position were still in existence the following summer. Thus, if a board of education chose not to create a job position during the following summer, as the Raleigh County Board of

---

7. W.Va.Code 18A–2–6 provides, in part:
 "After three years of acceptable employment, each service personnel employee who enters into a new contract of employment with the board shall be granted continuing contract status: Provided, That a service personnel employee holding continuing contract status with one county shall be granted continuing contract status with any other county upon completion of one year of acceptable employment if such employment is during the next succeeding school year or immediately following an approved leave of absence extending no more than one year."

Education did here, the employee cannot use a previous summer's employment as evidence of a continuing contractual employment relationship.

Of course, the appellant's case would be stronger for unemployment compensation benefits if the Board of Education had refused to rehire her despite the fact that the actual position was still available. In this case, however, the appellant acknowledges that her lack of employment is due to the fact that the Board of Education decided not to employ a summer paint crew and not simply to its failure to rehire the appellant. Therefore, even if the appellant had a contract of employment, the facts of this case would still dictate that we affirm the decision of the circuit court.

■ We have carefully evaluated the Board of Education's position and its employment relationship with the appellant. In consideration of the Board of Education's view point, we fully recognize the broad discretion of a board of education to hire, fire, and generally control their personnel. *See Board of Educ. v. Enoch,* 186 W.Va. 712, 414 S.E.2d 630 (1992). Finding for the appellant in this case would add an additional layer of nonstatutory restrictions on a board of education that would severely restrict its ability to devise future summer employment projects and to initiate personnel changes. Any future claimant with minimal evidence of a continuing contractual relationship could claim entitlement to unemployment compensation benefits if job opportunities were not made available in even the shortest successive term. Technically, of course, the Board of Education could protect itself from this statutory challenge by using clear language to disclaim the creation of any continuing contractual relationship.

■ To be clear, we do not believe that the relevant statute or our common law requires this language be inserted in contracts because such a requirement of this nature would fly in the face of established precedent that the proponent of an employment relationship has the burden to prove the relationship. *See Sayres v. Bauman, supra; Adkins v. Inco Alloys Intern., Inc., supra; Wilson v.*

*Long John Silver's, Inc.,* 188 W.Va. 254, 423 S.E.2d 863 (1992).

In summary, we conclude that W.Va.Code, 21A–6–15(2)(b), does not preclude an interpretation of the statute that would allow an employee to escape the restrictions of this provision upon proof of a second separate contract covering the intervening period. Furthermore, this interpretation is consistent with the spirit of liberally construing unemployment compensation regulations. Here, however, the appellant's failure to establish a continuing contractual relationship under any theory discussed prevents her from escaping the statutory prohibitions of W.Va.Code, 21A–6–15(2)(b). Therefore, we hold that the circuit court was correct in denying unemployment compensation benefits to the appellant.

For the foregoing reasons, we affirm the decision of the Circuit Court of Kanawha County and deny the appellant's petition for certiorari.

Affirmed.

BROTHERTON, C.J., did not participate.

MILLER, Retired Justice, sitting by temporary assignment.