# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Tammy M. Yates,**
**Petitioner Below, Petitioner**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-1068** (Kanawha County 10-AA-175)

**Chair and Members, Board of Review,**
**Acting Director of Workforce West**
**Virginia, and Central West Virginia Aging**
**Services, Inc., Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tammy M. Yates, by counsel Elizabeth Wehner and Bruce Perrone, appeals the Circuit Court of Kanawha County's Order entered on July 23, 2012, that affirmed the denial of unemployment compensation benefits. Respondent Central West Virginia Aging Services, Inc., by counsel Russell D. Jessee and Daniel D. Fassio, filed a response in support of the circuit court's order.  Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was employed by respondent as a home health aid from June of 2008 until her termination, effective on May 12, 2010. Respondent provides in-home care to the elderly and disabled in forty-four counties in West Virginia. Respondent has a strict attendance policy, to which petitioner acknowledged her understanding upon her hire. According to the policy, four to six absences in a six-month period merits a written warning, and seven to fifteen absences in a six-month period merits termination. If the employee provides a doctor's excuse, the absence "may be excused," meaning it may not count toward either warning or termination.

On February 11, 2010, respondent mailed petitioner two written warnings: one dated January 29, 2010, and another dated February 11, 2010. The warning dated January 29, 2010, stated that petitioner had been verbally counseled in the past regarding her absenteeism. The warning dated February 11, 2010, marked "final warning," listed twenty-seven days in the previous six months that petitioner had missed work or left early. Petitioner had provided doctor's excuses for only eleven of the days listed.

1

By May 10, 2010, petitioner's number of absences had increased from twenty-seven to forty-one days total since August of 2009. Respondent terminated petitioner on May 10, 2010, with an effective termination date of May 12, 2010. On this day, petitioner presented respondent with a doctor's excuse for her absences on May 5, 6 and 7, 2010, due to an injury she sustained to her hand unrelated to work. The doctor's excuse stated that petitioner would require either light duty or two weeks off. Other than for these three days, petitioner provided respondent no explanation or doctor's excuse for her other absences since she received the written warning.

Petitioner applied for unemployment benefits. The deputy in the Workforce West Virginia Martinsburg office granted her benefits, finding that petitioner was not disqualified. Respondent appealed and the matter went to hearing on June 22, 2010, before Administrative Law Judge ("ALJ") Charles Anderson. The ALJ, relying on West Virginia Code § 21A-6-3(2)(2008)[1], reversed the deputy and concluded as follows:

> The employer's [absenteeism] policy was known to the claimant. The claimant was verbally advised of her violations of the policy. Subsequent to the verbal warning, the claimant received a written warning indicating that further absenteeism's [sic] could result in her termination. On May 10, 2010, the employer based upon continued violations by the claimant, terminated the claimant.
>
> The evidence submitted by the employer through its personal actions reports clearly shows that the claimant had excessive absences based upon the employer's policy.
>
> The claimant was discharged for gross misconduct. The claimant is disqualified.

Petitioner appealed to the Board of Review, which affirmed the ALJ's ruling on September 8, 2010. Petitioner then appealed to the circuit court on October 14, 2010, and by order entered July 23, 2012, the court denied petitioner's appeal, concluding that she was terminated for "gross misconduct." Importantly, the court found that, other than for the three days related to her hand injury, petitioner failed to provide doctor's excuses for a number of other absences after she received the written warning. Petitioner now appeals to this Court.

The standard of review for the denial of unemployment benefits is as follows:

> The findings of fact of the Board of Review of [Workforce West Virginia] are entitled to substantial deference unless a reviewing court believes the findings are

---

[1] West Virginia Code § 21A-6-3(2) provides that a finding of gross misconduct disqualifies a claimant from unemployment compensation benefits. Gross misconduct "can be divided into three distinct categories: (1) those specifically enumerated acts which shall be considered gross misconduct; (2) items which may be interpreted to be 'other gross misconduct'; and (3) acts of misconduct for which the employee has received prior written warning that continued violation will result in employment termination." *Dailey v. Bd. of Review,* 214 W.Va. 419, 427, 589 S.E.2d 797, 805 (2003). This case involves category (3).

clearly wrong. If the question on review is one purely of law, no deference is given and the standard is of judicial review is *de novo*.

Syl. Pt. 3, *Adkins v. Gatson,* 192 W.Va. 561, 453 S.E.2d 395 (1994).

On appeal, petitioner raises a single assignment of error. She argues that her involuntary absence due to her hand injury was not an "act of misconduct" under West Virginia Code § 21A-6-3(2), therefore, it could not be considered "gross misconduct" even though the absence followed a prior written warning that continued violations would result in termination. However, the record in this case does not support petitioner's contention that she was terminated solely because of her hand injury-related absence. Rather, the record shows, and the ALJ and circuit court properly found, that she was terminated for "excessive absenteeism" in violation of respondent's policy. In *Kirk v. Cole,* 169 W.Va. 520, 525-26, 288 S.E.2d 547, 550 (1982), we held that "[w]here an employer has reasonable rules and regulations governing notice and verification of illness, these rules must be followed, or failure to follow such rules can constitute 'misconduct.'" Petitioner had a number of absences after receiving the written warning for which she provided no doctor's excuse. Therefore, we find that the circuit court did not err by finding that petitioner's continued absenteeism constituted "gross misconduct."

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3