# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Alex Energy, Inc., Petitioner Below,**
**Petitioner**

**FILED**

September 3, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-1112** (Kanawha County 12-AA-15)

**Board of Review of Workforce West Virginia,**
**and Jeremy E. Smith, Respondents Below,**
**Respondents**

## MEMORANDUM DECISION

Petitioner Alex Energy, Inc., by counsel William E. Robinson and Brian J. Moore, appeals the Circuit Court of Kanawha County's August 14, 2012 order affirming the Board of Review of Workforce West Virginia's ("Board of Review) prior decision regarding unemployment benefits for Respondent Jeremy E. Smith. Respondent Smith, by counsel Travis A. Griffith, filed a response, to which petitioner filed a reply. The Board of Review made no appearance in this matter. On appeal, petitioner alleges that the circuit court erred in affirming the Board of Review's prior decision.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondent Smith worked for Highland Mining for approximately five years as a blasters helper without being cited for any misconduct. In the summer of 2011, Respondent Smith began notifying his employer of certain safety issues, including the fact that he was required to perform the duties of a lead blaster despite not being trained as such and that blasting patterns were being improperly set on the job. On August 26, 2011, Respondent Smith was cited by his employer for allegedly smoking a cigarette within fifty feet of a container of explosive material. At the time of the incident, Respondent Smith had completed his work shift and was in his personal vehicle in a parking lot. Despite citing Respondent Smith for this alleged violation, a representative of the employer later admitted that there was no written policy regarding a fifty-foot smoking distance until after Respondent Smith was cited. As a result of this citation, Respondent Smith was required to sign a "Last Chance Agreement" admitting to the infraction or be fired. The "Last Chance Agreement" also stated that "any safety violation or infraction may be grounds for termination of employment."

Shortly thereafter, Respondent Smith was transferred from Highland Mining to a new employer; Petitioner Alex Energy, Inc. On September 29, 2011, the West Virginia Office of

1

Miners' Health, Safety and Training cited Respondent Smith for violating a regulation regarding primers on blasting caps. However, the citation states that there was no negligence on Respondent Smith's part and that it was not a knowing violation. In fact, according to later testimony, Respondent Smith had performed the procedure in exactly the manner that his employer had trained him, though the procedure had changed and Respondent Smith was scheduled for training on the new procedure the following October. Petitioner fired Respondent Smith the same day the citation was issued.

Thereafter, Respondent Smith filed for unemployment benefits and a deputy for Workforce West Virginia denied his request on October 17, 2011, based upon a finding that he had been discharged for gross misconduct.[1] Respondent Smith appealed this decision and on November 17, 2011, an administrative law judge ("ALJ") reversed the deputy's decision. According to the ALJ, Respondent Smith engaged in no misconduct and was entitled to unemployment benefits. Petitioner then appealed the ALJ's decision to the Board of Review. On January 3, 2012, the Board of Review affirmed the ALJ's decision and adopted the ALJ's findings in their entirety, prompting petitioner to appeal to the circuit court. The circuit court affirmed the Board of Review's decision by order entered on August 14, 2012. It is from this order that petitioner appeals.

This Court has previously held that

> "[t]he findings of fact of the Board of Review of the [West Virginia Bureau of Employment Programs] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*." Syl. Pt. 3, *Adkins v. Gatson*, 192 W.Va. 561, 453 S.E.2d 395 (1994).

Syl. Pt. 1, *Dailey v. Bd. Of Review, W.Va. Bureau Of Emp't Programs*, 214 W.Va. 419, 589 S.E.2d 797 (2003). Upon our review, we find no error in the circuit court denying petitioner's appeal from the Board of Review's January 3, 2012 order. While petitioner argues that the circuit court erred in affirming the Board of Review's order because it was based upon clearly wrong findings of fact and erroneous conclusions of law, the Court disagrees.

Petitioner's main argument is that Respondent Smith committed gross misconduct within the meaning of West Virginia Code § 21A-6-3(2) because he was previously reprimanded for committing a safety violation, signed the "Last Chance Agreement," and was subsequently cited by the West Virginia Office of Miners' Health, Safety and Training. According to petitioner, these acts constitute gross misconduct because, under West Virginia Code § 21A-6-3(2), gross misconduct includes "any act or acts of misconduct where the individual has received prior written warning that termination of employment may result from the act or acts." However, the ALJ, the Board of Review, and the circuit court all correctly refused such application of the statute to the facts of this case.

---

[1] Prior to 2007, Workforce West Virginia was known as the Bureau of Employment Programs. See W.Va. Code § 21A–1–4.

Upon our review, the Court agrees that Respondent Smith's conduct does not constitute gross misconduct. Our conclusion is supported by the "Notice of Violation" that the West Virginia Office of Miners' Health, Safety and Training issued in connection with Respondent Smith's actions, which clearly states that Respondent Smith committed no negligence and that the violation was not a knowing violation. In addition, the circuit court found that petitioner "made no attempt to refute that [Respondent Smith] was trained to perform the job assigned in the manner in which he was performing the job assignment" that resulted in the "Notice of Violation," or that petitioner "made no attempt to express that [Respondent Smith] was ever disciplined or warned that he was performing the job assigned in an improper manner." Since Respondent Smith was never disciplined or warned that he was completing this job in an improper manner, he could not have received the prior written warning that termination may result from the act, as required by West Virginia Code § 21A-6-3(2). Therefore, his actions cannot be considered gross misconduct under that statute.

Essentially, petitioner is requesting that Respondent Smith be denied unemployment benefits for performing his job in the exact manner that petitioner instructed because he was previously cited for violating the safety procedures of a different employer. However, the Court declines to interpret the applicable statute in such a way as to construe Respondent Smith's actions as "gross misconduct" based upon this set of facts. Additionally, we have previously held that "'[u]nemployment compensation statutes, being remedial in nature, should be liberally construed to achieve the benign purposes intended to the full extent thereof.' Syl. pt. 6, *Davis v. Hix*, 140 W.Va. 398, 84 S.E.2d 404 (1954)." *Herbert J. Thomas Mem'l Hosp. v. Bd. Of Review of W.Va. Bureau Of Emp't Programs*, 218 W.Va. 29, 32, 620 S.E.2d 169, 172 (2005). As such, we agree with the circuit court's finding that Respondent Smith "engaged in no misconduct which resulted in his termination."

For the foregoing reasons, we find no error in the decision of the circuit court and its August 14, 2012 order affirming the Board of Review's decision is affirmed.

Affirmed.

**ISSUED:** September 3, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3