# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Barbara M. Duskey,**
**Petitioner Below, Petitioner**

**vs) No. 13-0431** (Kanawha County 12-AA-76)

**Central West Virginia Aging Services, Inc.,**
**Ronald E. Ratliff, Commissioner, Workforce**
**West Virginia, and Board of Review, Workforce**
**West Virginia, Respondents Below, Respondents**

**FILED**

November 8, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Barbara M. Duskey, by counsel S.F. Raymond Smith, appeals the order of the Circuit Court of Kanawha County, entered March 12, 2013, affirming the Workforce West Virginia Board of Review order that found her disqualified from receiving unemployment benefits. Respondent Central West Virginia Aging Services, Inc. appears by counsel Russell D. Jessee and Daniel D. Fassio.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was hired by respondent in 2008 to provide in-home care for her father-in-law for sixteen to twenty hours each week. Her father-in-law passed away in May of 2010. Respondent's agent then advised petitioner that she could be given other work with the agency if she desired. Petitioner informed the agent that she needed full-time work and was applying for other jobs. She also inquired about the possibility of an office position rather than a position as a caregiver. In July of 2010, another of respondent's agents called petitioner to offer her employment as a caregiver within fifteen miles of her home, but petitioner did not answer the telephone. Respondent's executive director then sent petitioner a letter informing her that there was an "acute shortage of caregivers" and that petitioner should contact respondent by July 12, 2010, or she would be considered to have voluntarily quit. Petitioner responded by letter dated July 12, 2010, which stated:

> I am in receipt of a "warning letter" dated 07-09-2010 . . . stating that unless I notified you by 07-12-2010 that I would be considered voluntarily quit. This is to inform you that I do <u>NOT</u> voluntarily quit.

1

I acknowledge speaking with [an employee] in your Parkersburg office on 06-03-2010. In that conversation I said I was not sure of my decision at that time but because of my physical condition and need for and (*sic*) full-time employment with benefits I asked about a job that would facilitate my needs inside your office and she just laughed and said "no."

Due to injuries suffered in an automobile accident and surgery on my knee in July 2009 I find myself unable to handle a job that requires long time standing for more than 30 minutes and lifting of heavy objects, pushing, pulling[,] tugging or squatting.

Therefore while I am unable to do in-home services and still in need of a full-time employment with benefits, I do NOT voluntarily quit and reiterate my request for an office position.

Neither party contacted the other after this letter, and petitioner filed a claim for unemployment compensation benefits, which ultimately was denied by Workforce West Virginia Board of Review. She appealed the denial to the Circuit Court of Kanawha County, and the circuit court affirmed the decision of the Board of Review on the ground that petitioner voluntarily quit her employment and was, therefore, disqualified from receiving benefits.

On appeal, petitioner raises a single assignment of error: that the circuit court "erred in denying unemployment compensation benefits to [petitioner] by holding that she left her employment . . . without good cause involving fault on the part of her employer." We have held:

The findings of fact of the Board of Review of the West Virginia Department of Employment Security are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

Syl. Pt. 3, *Adkins v. Gatson*, 192 W.Va. 561, 453 S.E.2d 395 (1994).[1]

Petitioner argues that respondent unilaterally changed the terms of her employment. In support of this argument, petitioner states that respondent "never provided any evidence of any jobs or employment that would be on offer" to her. This is contrary to the evidence, and the findings of the administrative law judge are not clearly wrong. Petitioner, having performed the job of caregiver, was familiar with the requirements of that position, and respondent notified her that additional caregiver positions were available. The administrative law judge specifically relied on testimony from respondent's program coordinator stating that she called petitioner on June 6, 2010, to offer petitioner a caregiver position within fifteen miles of her home. Petitioner

---

[1]The West Virginia Department of Employment Security is now Workforce West Virginia.

subsequently denied any interest in a caregiver position in her July 12, 2010 letter.[2] She, therefore, voluntarily quit her employment with respondent.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 8, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[2] We note that petitioner has demonstrated no reason that respondent was obligated to create an in-office position for her. Though she stated in her July 10, 2010 letter that her physical condition prevented her from performing the duties of a caregiver, she acknowledges in her brief before this Court that not only does the caregiver position not require heavy lifting, it expressly prohibits it. Petitioner wrote in her brief that the restrictions she described in the July 10 letter "did not impose any limitations that would prevent her from carrying out the duties for a caregiver as outlined by the employer."