IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**July 30, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JOHN O'CONNOR,**
**Claimant Below, Petitioner**

**v.) No. 23-ICA-364**          (Case No. R-2023-1015)

**STEEL OF WEST VIRGINIA, INC.,**
**Employer Below, Respondent**

**and**

**WORKFORCE WEST VIRGINIA,**
**Respondent**

**MEMORANDUM DECISION**

Petitioner John O'Connor appeals WorkForce West Virginia Board of Review's August 2, 2023, Decision which affirmed the Administrative Law Judge's determination that Mr. O'Connor was not eligible to receive unemployment compensation benefits for the week ending on April 8, 2023, through the week ending on April 29, 2023; but was eligible to receive benefits for the week ending on May 6, 2023. Respondent WorkForce West Virginia ("WorkForce") timely filed a response in support of the Decision.[1] Respondent Steel of West Virginia, Inc., did not appear. Mr. O'Connor filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law, but we find there is some error in the Decision. Accordingly, a memorandum decision is appropriate under the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure. For the reasons below, the Decision is affirmed, in part, and reversed, in part.

Mr. O'Connor filed an unemployment compensation claim on April 7, 2023, effective April 2, 2023, as a result of his separation from employment from the Respondent Employer, Steel of West Virginia, Inc., on March 31, 2023. Mr. O'Connor filed an application on May 7, 2023, in which he attempted to claim weekly unemployment benefits for the week ending on April 8, 2023, through the week ending on May 6, 2023. In this

---

[1] Mr. O'Connor is self-represented. WorkForce is represented by Kimberly A. Levy, Esq.

1

application for benefits, Mr. O'Connor wrote, "I did not realize the paperwork I was supposed to be filling out. I have not worked since March 31, 2023. I would like to receive benefits going back to that date if possible[.]"

On May 9, 2023, the Claims Deputy issued its decision finding Mr. O'Connor ineligible for benefits for the weeks in question because Mr. O'Connor failed to timely file his weekly certifications as required under the applicable regulations.

Mr. O'Connor appealed the Claims Deputy's decision and on June 6, 2023, a hearing was held before an Administrative Law Judge ("ALJ"). Mr. O'Connor appeared telephonically. The Respondent Employer did not appear. An office manager for WorkForce appeared on behalf of WorkForce. The only witnesses to testify were Mr. O'Connor and the office manager. The office manager testified that Mr. O'Connor would have been informed, via a written statement during the application process, of the requirement that he file weekly certifications of his unemployment compensation claim. He went on to testify that Mr. O'Connor filed his certifications for all weeks in question on May 8, 2023. When Mr. O'Connor was asked specifically by the ALJ whether he reviewed a document titled the Benefits Rights Acknowledgement Form as part of his application process, Mr. O'Connor responded, "I may have, I don't recall." The ALJ then stated that he was going to lodge an objection on behalf of Mr. O'Connor to the admission of the Benefits Rights Acknowledgment Form on the basis that Mr. O'Connor could not locate his copy of the document. The ALJ then overruled the objection and admitted the document and noted that he would afford the document such weight as he thought it should be afforded based on the totality of the evidence.

The Benefits Rights Acknowledgement Form in this matter is unsigned and undated. It states at the beginning, "[b]y selecting below I understand and am aware of all of the following items required of me to meet the eligibility requirements to receive, or continue to receive, timely unemployment benefits from West Virginia." The form goes on to list various obligations and responsibilities one must meet to be eligible to receive benefits with a check box next to each item. One of the items states, "I understand I must file my certifications each week and that failure on my part to complete the weekly claim certification correctly and/or timely could delay payment of my benefits." All of the check boxes on the form are blank. At the end of the form there is a statement that says, "Acknowledgment completed at the time of filing initial claim."

On June 6, 2023, the ALJ issued its written decision. In that decision, the ALJ found that since Mr. O'Connor filed his certifications on May 8, 2023, he timely filed for the week ending on May 6, 2023, and was therefore eligible to receive benefits for that week. For the remaining weeks in question, the ALJ found that Mr. O'Connor did not establish good cause for failing to file the weekly certifications on a timely basis because Mr. O'Connor had the Benefits Acknowledgment Form presented to him when he filed his claim for benefits and therefore was advised of the certification requirement. The ALJ held

that Mr. O'Connor was ineligible to receive benefits for the week ending on April 8, 2023, through the week ending on April 29, 2023.

Mr. O'Connor appealed to the Board of Review, who, on August 2, 2023, issued a one-page order affirming the ALJ. It is from this order that Mr. O'Connor appeals.

In this appeal, our standard of review is as follows:

> The findings of fact of the Board of Review of [WorkForce West Virginia] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

*Taylor v. WorkForce W. Va.*, 249 W. Va. 381, ___, 895 S.E.2d 236, 241 (Ct. App. 2023) (quoting Syl. Pt. 3, *Adkins v. Gatson*, 192 W. Va. 561, 563, 453 S.E.2d 395, 397 (1994)).

On appeal, Mr. O'Connor asserts that the ALJ erred by admitting the Benefits Acknowledgment Form into evidence because the document was not authenticated. We disagree. West Virginia Code of State Rules § 84-1-5.3 provides that the Board of Review and its subordinates are not required to follow the common law or rules of evidence or procedure in conducting the proceedings before them. Accordingly, the ALJ did not err by admitting the Benefits Acknowledgment Form into evidence and the Board of Review did not err in affirming the ALJ in this regard.

We turn now to the determination that there was not good cause to accept Mr. O'Connor's untimely certifications for the week ending on April 8, 2023, through the week ending on April 29, 2023. At the outset, we note that it is well settled that the Unemployment Compensation Act should be liberally construed in order to further its remedial purpose. *See Davis v. Hix*, 140 W.Va. 398, 84 S.E.2d 404 (1954). With that in mind, West Virginia Code of State Rules § 83-01-13.02.18 states, in part:

> The Commissioner for reasons found to constitute good cause for any individual's failure to file his continued claim on his regular reporting day may accept a continued claim for such individual if such continued claims filed within 10 days from his regular reporting day for the week for which he is claiming benefits for total unemployment. Further, if the Commissioner determines the reasons constitute good cause and such reasons were beyond the individual's control, the Commissioner, at his discretion, may extend the ten-day limit to ensure that a penalty, if any is imposed, is reasonable and just.

Here, the ALJ determined that there was not good cause to extend the time limit for Mr. O'Connor to file his certifications for the week ending on April 8, 2023, through the

week ending on April 29, 2023, because Mr. O'Connor "had a Benefits Rights Acknowledgement Form presented to him when he filed his claim for benefits." However, the document itself is not signed, initialed, or acknowledged by Mr. O'Connor in any way. None of the check boxes present on the document, presumably so Mr. O'Connor can in fact indicate acknowledgment, are checked. Further, the document itself, even if it was presented to Mr. O'Connor, seemingly indicates that failure to timely file the weekly certifications could result only in a delay in receiving those benefits. Given the issues with the Benefits Acknowledgment Form in this case and the remedial purpose of unemployment compensation, we reverse the conclusion that there was no good cause for Mr. O'Connor's failure to timely file his certifications and conclude that such reason for failing to timely file was beyond Mr. O'Connor's control.

Accordingly, this matter is affirmed, in part, and reversed, in part. Mr. O'Connor is eligible to receive unemployment compensation benefits for the week ending on April 8, 2023, through the week ending on May 6, 2023.

Affirmed, in part, and Reversed, in part.

**ISSUED:** July 30, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear