# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MARGO HEDGES,**
**Claimant Below, Petitioner**

**v.) No. 23-ICA-362**          (Case No. R-2023-1060)

**UNITY STAFFING, LLC,**
**Employer Below, Respondent**

**and**

**WORKFORCE WEST VIRGINIA,**
**Respondent**

**FILED**
**September 4, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Margo Hedges appeals WorkForce West Virginia Board of Review's July 18, 2023, Decision which affirmed the Administrative Law Judge's determination that Ms. Hedges left work voluntarily without good cause involving fault on the part of the employer. Respondent WorkForce West Virginia ("WorkForce") timely filed a response in support of the Board's order.[1] Respondent Unity Staffing, LLC, did not participate in the appeal. Ms. Hedges did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. Accordingly, a memorandum decision is appropriate under the Rule 21 of the Rules of Appellate Procedure. For the reasons below, the Decision is affirmed.

Ms. Hedges worked as a general laborer/line worker for Respondent Employer Unity Staffing, LLC, from August of 2021 until March of 2023. On April 24, 2023, an interview of Ms. Hedges was conducted by WorkForce. In that interview, Ms. Hedges stated that she was discharged for failing to call in or show up for work for four days. Ms. Hedges stated that she had in fact called in on two of the days she missed work. On May 5, 2023, the Claims Deputy issued its decision denying Ms. Hedges' claim for unemployment benefits. In that decision, the Deputy found Ms. Hedges abandoned her job and, therefore, voluntarily left her job without fault on the part of the employer.

---

[1] Ms. Hedges is self-represented. WorkForce is represented by Kimberly A. Levy, Esq.

Ms. Hedges appealed the Deputy's decision, and a telephonic hearing was set for June 1, 2023. No one appeared for the June 1, 2023, hearing and, therefore, the Administrative Law Judge ("ALJ") dismissed Ms. Hedges' appeal for failure to prosecute and affirmed the deputy's decision that Ms. Hedges voluntarily left her job without fault on the part of the employer.

Ms. Hedges appealed the ALJ's decision to the Board of Review on the basis that "I missed my main hearing on the old ptn. [sic] cause it is broken @ [sic] messed up." On July 18, 2023, the Board of Review issued its Decision denying Ms. Hedges' appeal on the basis that no good cause was shown for a remand to the ALJ. It is from this decision that Ms. Hedges appeals.

Our standard of review in appeals from the Board of Review is as follows:

> The findings of fact of the Board of Review of [WorkForce West Virginia] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

*Taylor v. WorkForce West Virginia*, 249 W. Va. 381, __, 895 S.E.2d 236, 241 (Ct. App. 2023) (quoting Syl. Pt. 3, *Adkins v. Gatson*, 192 W. Va. 561, 453 S.E.2d 395 (1994)).

On appeal, Ms. Hedges asserts that the Board of Review's Decision is not fair. Ms. Hedges does not assert that the Board erred in any of its factual findings or conclusions of law. Furthermore, on appeal, Ms. Hedges has the duty to support her arguments with citation to authority as well as "appropriate and specific citations to the record . . ." W. Va. R. App. P. 10(c)(7). Otherwise, "[t]he Intermediate Court . . . may disregard errors that are not adequately supported by specific references to the record on appeal." *Id.* Here, Ms. Hedges' brief contains no citation to the record or applicable authority. Accordingly, since Ms. Hedges does not assert a basis for reversal and otherwise failed to comply with the Rules of Appellate Procedure, the July 18, 2023, Decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** September 4, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear