## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**June 6, 2025**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**WYOMING COUNTY BOARD OF EDUCATION,**
**Employer Below, Petitioner**

**v.) No. 24-ICA-266**   (WorkForce W. Va. Bd. of Rev. Case No. R-2024-0195)

**CLISTY K. HILL,**
**Claimant Below, Respondent**

**and**

**SCOTT A. ADKINS, in his capacity as**
**ACTING COMMISSIONER of WORKFORCE WEST VIRGINIA,**
**Respondent**

### MEMORANDUM DECISION

Wyoming County Board of Education ("WCBOE") appeals the May 24, 2024, decision of the WorkForce West Virginia Board of Review ("Board"). Respondent Clisty Hill timely filed a response brief.[1] WCBOE filed a reply. Respondent Scott A. Adkins, Acting Commissioner of WorkForce West Virginia ("WorkForce") did not participate in this appeal. The issue on appeal is whether the Board erred in affirming the decision of the Board's administrative law judge ("ALJ"), which found that Ms. Hill was discharged but not for an act of misconduct, and in denying WCBOE's request for remand.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. For the reasons set forth below, the Board's decision is vacated, and this case is remanded for further proceedings consistent with this decision pursuant to Rule 21 of the Rules of Appellate Procedure.

Clisty Hill was employed as a teacher by WCBOE from May 15, 2001, to October 20, 2023. She worked full-time in an elementary school as a second-grade teacher in 2023. The child of the school's vice principal was a student in her second-grade class that year. Ms. Hill claimed that the vice principal's child physically assaulted her by repeatedly

---

[1] WCBOE is represented by George "Trey" B. Morrone III, Esq., Joshua A. Cottle, Esq., and Karly N. King, Esq. Ms. Hill is self-represented.

hitting her on the head on January 3, 2023, and January 4, 2023. She claimed that the child was "a gymnast and plays sports" and was "very strong" and that she could not get the child to stop hitting her. She claimed that she was forced to defend herself on January 4, 2023, when she "paddled [the student] on the bottom with an open hand" to get her to stop.

On or about January 6, 2023, Ms. Hill was suspended by the WCBOE for violating state and local laws and WCBOE policy for her alleged misconduct in repeatedly striking the second-grade student. A WorkForce deputy's decision dated November 27, 2023, found that Ms. Hill quit her job without good cause involving fault on the part of the employer and disqualified her from receiving unemployment benefits.

On January 22, 2024, Ms. Hill appealed the deputy's decision. On February 9, 2024, the Board denied Ms. Hill's request to appeal the deputy's decision as untimely. WorkForce received a letter from Ms. Hill on February 15, 2024, which stated that she timely filed an original appeal, but never heard from WorkForce after the filing, and requested reconsideration of the denial of unemployment benefits because she was "attacked" by a second-grade child. WorkForce granted Ms. Hill's request for reconsideration and scheduled a hearing to determine whether she had good cause for filing the late appeal.

On March 26, 2024, a hearing was held before the ALJ regarding Ms. Hill's appeal of the deputy's decision. Ms. Hill appeared by telephone and WCBOE did not appear. Ms. Hill testified that she was given the option to resign or be terminated. Ms. Hill indicated that the child was "in 2nd grade at the time, and she is tall, and she is strong, and she was jumping up and hitting [her] in the head repeatedly." Additionally, Ms. Hill stated that she suffered concussion syndrome following these events. Ms. Hill stated that she "swatted" the child on the bottom and admitted that there was a policy against any kind of physical discipline of children.

The ALJ issued a decision dated April 9, 2024, which reversed the deputy's decision and found that Ms. Hill did not commit any acts of misconduct that led to her separation from employment. The ALJ found that on at least two occasions, which occurred on January 3, 2023, and January 4, 2023, the child assaulted Ms. Hill by jumping up from a ramp and hitting her repeatedly in the head. Further, the ALJ found that Ms. Hill sustained a concussion from these incidents and was later diagnosed with concussion syndrome due to the child's assaults. The ALJ found that there was insufficient evidence to support a finding of misconduct, and that WCBOE had not met its burden of proving misconduct.

On May 24, 2024, the Board issued a decision affirming the ALJ and adopting the ALJ's findings by reference in their entirety. The Board concluded that Ms. Hill was

discharged but not for an act of misconduct and denied WCBOE's motion for remand on the basis that good cause was not shown.[2] It is from this order that WCBOE now appeals.

In appeals from the Board, our standard of review is as follows:

The findings of fact of the Board of Review of [WorkForce West Virginia] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is de novo.

*Taylor v. WorkForce W. Va.*, 249 W. Va. 381, 386, 895 S.E.2d 236, 241 (Ct. App. 2023) (quoting Syl. Pt. 3, *Adkins v. Gatson*, 192 W. Va. 561, 453 S.E.2d 395 (1994)).

On appeal, WCBOE argues that good cause was shown to deny Ms. Hill unemployment benefits when she admitted to paddling a child. Further, WCBOE argues that it did not receive notice of the hearing before the ALJ, and that the matter should be remanded to allow the WCBOE to meaningfully participate in the proceedings. We agree that WCBOE did not receive adequate notice regarding the hearings before the ALJ.

West Virginia Code § 21A-7-8 (1978) states, in part, the following:

Upon appeal from the determination of a deputy, an individual shall be entitled to a fair hearing and reasonable opportunity to be heard before an appeal tribunal as provided in section seven of this article. Within eight days after receipt by the [B]oard of notice of appeal from the decision of a deputy, the [B]oard shall fix the time and place for hearing such appeal, and notify the claimant, last employer, and the commissioner, ten days in advance of the date set for hearing.

Pursuant to West Virginia Code of State Rules § 84-1-3.5 (2018), the Notice of Hearing "shall be mailed to all interested parties and their counsel at least (10) days in advance of the hearing date[.]" Moreover, West Virginia Code § 21A-7-7a (1972) provides that "parties shall be entitled to a full and complete hearing" before the ALJ. Here, the ALJ failed to take any testimony or evidence from the WCBOE at the hearing on the merits, as notice was not adequately provided to allow for participation. WCBOE asserts that its Personnel Director, Angel Lane, attempted to participate in the hearing, but was never contacted by WorkForce. Importantly, West Virginia Code of State Rules § 84-1-5.6.4 (2018) places the initial burden of proving a discharge for gross misconduct upon the employer.

---

[2] WCBOE argued that it did not receive notice for the ALJ hearing.

Because of the Board's failure to provide proper notice, WCBOE was denied a fair hearing. Therefore, we conclude that this case was not properly before the ALJ on March 26, 2024, and as a result, the Board erred by denying WCBOE's request for remand and by adopting the ALJ's April 9, 2024, decision.

Accordingly, the Board's May 24, 2024, order is vacated and this case is remanded to the Board with directions to enter an order remanding this matter to the ALJ to hold a fair and meaningful hearing on the issue of whether Ms. Hill was discharged for gross misconduct and whether she is entitled to unemployment benefits after the parties are given sufficient ten days' notice of the administrative hearing, consistent with this decision.

Vacated and Remanded.

**ISSUED:** June 6, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White