# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**August 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JASON BARNETTE,**
**Claimant Below, Petitioner**

**v.) No. 24-ICA-401**    (WorkForce W. Va. Bd. of Rev. Case No. R-2024-0976)

**WEST VIRGINIA DEPARTMENT OF HEALTH,**
**WEST VIRGINIA DEPARTMENT OF HUMAN**
**SERVICES, WEST VIRGINIA DEPARTMENT**
**OF HEALTH FACILITIES, OFFICE OF SHARED**
**ADMINISTRATION,**
**Employer Below, Respondent**

**and**

**SCOTT A. ADKINS, in his official capacity as**
**Acting Commissioner of WorkForce West Virginia,**
**Respondent**

## MEMORANDUM DECISION

Petitioner Jason Barnette appeals the September 6, 2024, decision of the WorkForce West Virginia Board of Review ("Board") which affirmed the decision of the administrative law judge ("ALJ") and disqualified Mr. Barnette from unemployment compensation benefits following his resignation. Respondent Scott A. Adkins, in his official capacity as Acting Commissioner of WorkForce West Virginia ("WorkForce") and Respondent West Virginia Department of Health, West Virginia Department of Human Services, West Virginia Department of Health Facilities, Office of Shared Administration ("DoHS") filed separate responses.[1] Mr. Barnette did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For the reasons set forth below, a memorandum decision affirming the Board's decision is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

---

[1] Mr. Barnette is self-represented. DoHS is represented by John B. McCuskey, Esq., Attorney General, and Steven R. Compton, Esq., Deputy Attorney General. WorkForce is represented by Kimberly A. Levy, Esq., WorkForce West Virginia.

Mr. Barnette was employed by DoHS as an equal employment opportunity ("EEO") specialist from June 22, 2021, until he resigned from his position on March 26, 2024. After his resignation, Mr. Barnette applied for unemployment compensation benefits. On April 15, 2024, a WorkForce claims deputy found Mr. Barnette was disqualified from unemployment benefits because he failed to establish fault on the part of DoHS. Mr. Barnette timely appealed the deputy's decision to the ALJ. The ALJ held an in-person hearing on May 7, 2024, and issued a written decision that same date affirming the decision of the deputy. Mr. Barnette then appealed this decision to the Board. On June 27, 2024, the Board, on its own motion, remanded this case back to the ALJ for a de novo hearing. On July 23, 2024, the ALJ held a re-hearing during which Mr. Barnette, his wife Jennifer Barnette, and Mr. Barnette's direct supervisor Wesley Henderson appeared and testified. Counsel for DoHS also appeared.

At this hearing, Mr. Barnette testified that he was constructively discharged by Mr. Henderson due to harassment. Mr. Barnette stated he worked from home permanently due to an Americans with Disabilities Act accommodation, but he felt that Mr. Henderson wanted him to quit because permanently working from home was discouraged. Mr. Barnette stated that he received repeated phone calls from Mr. Henderson questioning what he was working on, was required to keep daily work logs detailing the tasks he completed by the hour, and stated that his co-workers who worked in the office were not subject to these conditions. Mr. Barnette also testified that his job duties were changed, and he was required to perform job duties that were not within his job description. Mr. Barnette also discussed a document which was faxed from a nurse practitioner to the Board and emailed to DoHS on July 22, 2024, and stated Mr. Barnette experienced exacerbations of his disability due to the actions of DoHS. Mr. Barnette requested that the ALJ consider this document, but the ALJ rejected it and did not admit it into evidence.

Next, Mr. Henderson testified that around 12:45 p.m. on March 26, 2024, he noticed Mr. Barnette had not sent any emails or other communications, which was unlike him. Mr. Henderson called Mr. Barnette to ask what he was working on, and Mr. Barnette claimed he had sent an email and moved files. Mr. Henderson testified that he asked for proof that these tasks were completed and asked Mr. Barnette if he performed any further work. Mr. Barnette stated he had not and then stated he quit his job. Mr. Henderson testified that he did not tell Mr. Barnette he was going to be fired or disciplined, did not treat Mr. Barnette differently than any other employee, and was taken aback that Mr. Barnette decided to quit.

On July 23, 2024, the ALJ issued a written decision that affirmed the decision of the deputy, found Mr. Barnette left work voluntarily without good cause involving the fault of DoHS, and found he was disqualified from unemployment compensation benefits. Mr. Barnette appealed this decision to the Board, and the Board issued a decision on September 6, 2024, adopting the findings of the ALJ and affirming the ALJ's decision to disqualify Mr. Barnette from unemployment compensation benefits. It is from this order that Mr. Barnette now appeals.

In this appeal, our standard of review is as follows:

> The findings of fact of the Board of Review of [WorkForce West Virginia] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

Syl. Pt. 3, *Adkins v. Gatson*, 192 W. Va. 561, 453 S.E.2d 395 (1994).

On appeal, Mr. Barnette asserts three assignments of error. First, Mr. Barnette argues the Board erred because it failed to consider and misconstrued facts relating to changes in his employment. We disagree. Mr. Barnette's arguments here rely on testimony presented during the May 7, 2024, hearing and findings made in the ALJ's May 7, 2024, decision. However, any evidence presented during this hearing and any findings of fact or conclusions of law made by the ALJ in its May 7, 2024, decision are not to be considered here. In its June 27, 2024, order, the Board remanded this case back to the ALJ for a complete rehearing, and this case was required to proceed as if the May 7, 2024, hearing and decision never occurred. The only findings related to job duties in the ALJ's July 23, 2024, decision state that Mr. Barnette was given some additional duties that he believes were not in his job description. This finding is supported by the record. As a result, Mr. Barnette has failed to show error in the Board's findings, and this assignment of error fails.

For his second assignment of error, Mr. Barnette argues the Board failed to consider the medical documentation that was faxed on July 22, 2024, and that this document met the requirements of West Virginia Code § 21A-6-3(1) (2020). Again, we disagree. West Virginia Code § 21A-6-3(1) states as follows:

> an individual has not left his or her most recent work voluntarily without good cause involving fault on the part of the employer, if the individual was compelled to leave his or her work for his or her own health-related reasons and notifies the employer prior to leaving the job or within two business days after leaving the job or as soon as practicable and presents written certification from a licensed physician within 30 days of leaving the job that his or her work aggravated, worsened, or will worsen the individual's health problem.

The document at issue here is a letter signed by Kelly Johnson, APRN-CNP, and states that Ms. Johnson became aware of Mr. Barnette's resignation on April 25, 2024, during a medical appointment. The letter states that Mr. Barnette felt he was being discriminated against due to his disabilities and that this stress had exacerbated his condition. While neither the Board nor the ALJ acknowledged this document in their decision, this document does not meet the requirements of West Virginia Code § 21A-6-3(1) because it is undisputed that Mr. Barnette did not submit this document to DoHS prior

to leaving his job, did not submit the document within two business days after he resigned, and only submitted the document for the first time on July 22, 2024. Further, West Virginia Code § 21A-6-3(1) is clear that this letter must be presented "within 30 days of leaving the job," and Mr. Barnette failed to submit the letter within that period as well. As a result, the July 22, 2024, document does not meet the requirements of West Virginia Code § 21A-6-3(1), and the Board did not err when it failed to consider this document.

Finally, Mr. Barnette's third assignment of error argues he was subjected to a discriminatory work environment that a reasonable person would have found intolerable, and he was constructively discharged. We disagree. In the ALJ's July 23, 2024, decision, the ALJ determined that Mr. Barnette was not discriminated against due to his disability. This is a factual finding that is allowed substantial deference. *See Adkins*, 192 W. Va. at 561, 453 S.E.2d at 395, Syl. Pt. 3. In addition, just like in assignment of error one, Mr. Barnette's argument relates to evidence and testimony presented at the May 7, 2024, ALJ hearing which cannot be considered here. As a result, Mr. Barnette has failed to show error in the Board's decision, and this assignment of error fails.

Accordingly, we affirm the Board's September 6, 2024, decision.

Affirmed.

**ISSUED:** August 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

4