# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**WORKFORCE WEST VIRGINIA,**
**Respondent Below, Petitioner**

**vs.) No. 22-ICA-110**     (Cir. Ct. Kanawha Cnty., No. 21-AA-63)

**CHRISTINA GADDY,**
**Petitioner Below, Respondent**

**FILED**
**September 5, 2023**
EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Workforce West Virginia ("Workforce") appeals the Circuit Court of Kanawha County's August 19, 2022, "Final Order Reversing the Decision of the Workforce West Virginia Board of Review and Granting Unemployment Compensation Benefits." Respondent Christina Gaddy timely filed her response.[1] Workforce did not file a reply. The issue on appeal is whether the circuit court erred in reversing the Workforce Board of Review ("Board") and in finding that Ms. Gaddy was eligible for unemployment benefits based on the application of equitable tolling to the statutory period in which Ms. Gaddy was required to submit a physician's certification for a valid "medical quit" pursuant to West Virginia Code § 21A-6-3(1) (2020).

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the circuit court's decision is reversed, and this case is remanded to the Circuit Court of Kanawha County for further proceedings consistent with this decision.

Ms. Gaddy was formerly employed at American Public University as a Senior Financial Aid Advisor from September 16, 2013, to March 22, 2021. Ms. Gaddy's primary job duty was to answer calls from students and parents regarding financial aid. In early 2020, Ms. Gaddy's position became remote due to the Covid-19 pandemic. Throughout 2020, Ms. Gaddy sought treatment for anxiety. Rauf Cheema, M.D., diagnosed Ms. Gaddy with anxiety, and opined that her anxiety was a "chronic, serious health condition." After Dr. Cheema's diagnosis, Ms. Gaddy depleted her accrued sick leave and then her FMLA

---

[1] Workforce West Virginia is represented by Kimberly A. Levy, Esq. Ms. Gaddy is represented by Matthew Austin Jividen, Esq.

1

leave to deal with her anxiety and to care for her family. On April 21, 2020, Ms. Gaddy requested eighty hours of emergency paid sick leave from her employer, which was granted. Ms. Gaddy exhausted that leave by July 13, 2020. From July 13, 2020, to August 14, 2020, Ms. Gaddy used personal leave due to childcare needs. Ms. Gaddy returned to work on August 17, 2020. In December 2020, Ms. Gaddy was approved to use FMLA leave on an intermittent basis through November 2021. In February 2021, Ms. Gaddy and her children contracted Covid-19. Although Ms. Gaddy was still employed at American Public University, she was granted unemployment benefits for the week of February 26, 2021, continuing until she and her children were no longer Covid-19 positive. Ms. Gaddy received unemployment benefits for the weeks ending March 6, 2021, March 13, 2021, and March 20, 2021.

Ms. Gaddy was scheduled to return to work on March 22, 2021, but instead she resigned from her position on that date, citing lack of childcare and depletion of her FMLA leave. Shortly after leaving her position, Ms. Gaddy applied for unemployment benefits. A hold was then placed on Ms. Gaddy's claim following her resignation so that her case could be investigated and referred to a Workforce deputy for a decision.

On April 30, 2021, the Board issued its deputy's decision, which found that Ms. Gaddy left her position due to childcare issues and no longer having paid leave remaining. The deputy's decision stated that Ms. Gaddy was disqualified by statute from receiving unemployment benefits beginning March 21, 2021, until she had returned to covered employment and worked for at least thirty days. *See* W. Va. Code § 21A-6-3(1). Ms. Gaddy had not received this decision on May 5, 2021, when she spoke to an employee in Workforce's central office. This employee alerted her of the requirement that she produce a physician's note to Workforce for a valid medical quit. Ms. Gaddy alleged that she was not previously aware of this requirement. The following day, Ms. Gaddy got a physician's certification from Dr. Cheema. Dr. Cheema's certification dated May 6, 2021, stated "Ms. Christina Gaddy was under my care for her illness. She was stressed at work which contributed to her anxiety and panic attacks. Due to her severe anxiety, she left her position." Workforce asserted that it was unclear when this certification was received by its office. Ms. Gaddy stated that she sent the certification by email on May 7, 2021.

Ms. Gaddy then appealed the April 30, 2021, deputy's decision to the Board's administrative law judge ("ALJ"). On June 25, 2021, a hearing was held before the ALJ. Ms. Gaddy testified that she had worked at American Public University for seven years, and that her anxiety worsened after the pandemic began. Further, Ms. Gaddy stated that she was unable to continue with several job responsibilities due to her anxiety, and that she was unaware of the requirement that a physician's certification must be submitted within thirty days of leaving employment for a valid medical quit.

By decision dated and mailed June 30, 2021, the ALJ found that Ms. Gaddy left work voluntarily without good cause involving fault on the part of the employer, and that

she was thus disqualified from receiving unemployment benefits. The ALJ found that although Ms. Gaddy provided a medical certification that her job had worsened her medical condition, she did not meet the thirty-day statutory deadline for submitting a physician's certification set forth in West Virginia Code § 21A-6-3(1). Further, the ALJ noted that lack of childcare is not a basis that would constitute fault on the part of the employer. Based on these findings, the ALJ affirmed the deputy's decision. On July 13, 2021, Ms. Gaddy appealed the ALJ's decision to the Board. The Board affirmed the ALJ's decision in its entirety by order dated and mailed September 10, 2021.

Ms. Gaddy appealed the Board's decision to the Circuit Court of Kanawha County. On appeal, Ms. Gaddy asked the circuit court to apply an equitable remedy to toll the deadline for producing a physician's certification. By order entered August 19, 2022, the circuit court reversed the decisions of the ALJ and the Board. The circuit court stated that the only limitations explicitly placed on equitable tolling relate to filing deadlines which are jurisdictional in nature.[2] The circuit court found that statutes that are remedial in nature and statutes that concern public good or welfare should be construed liberally and according to their equity. The circuit court further found that Ms. Gaddy was unaware of the requirement that a physician's certification be produced to Workforce, that she diligently pursued her claim beyond that of a reasonable claimant, and that Workforce was in possession of the physician's note for seven weeks prior to the ALJ hearing on June 25, 2021. Based on these findings, the circuit court reversed the Board, holding that Ms. Gaddy's production of the physician's certification was timely as a matter of law under the doctrine of equitable tolling. Thus, the circuit court held that Ms. Gaddy was eligible for unemployment benefits. It is from this order that Workforce now appeals. Our standard of review is as follows:

> The findings of fact of the Board of Review of [Workforce West Virginia] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

Syl. Pt. 3, *Adkins v. Gatson*, 192 W. Va. 561, 563, 453 S.E.2d 395, 397 (1994).

On appeal, Workforce advances four primary arguments. First, Workforce argues that the circuit court erred in applying the doctrine of equitable tolling to permit Ms. Gaddy to receive unemployment benefits despite her late submission of the physician's certification. Next, Workforce argues that Ms. Gaddy failed to meet the statutory requirements for submitting a physician's certification within thirty days of leaving her employment as required by West Virginia Code § 21A-6-3(1), and that the note she

---

[2] The circuit court cites to *Indep. Fire Co. No. 1 v. W. Va. Human Rts. Comm'n*, 180 W. Va. 406, 408, 376 S.E.2d 612 (1988) in support of its position.

ultimately submitted was insufficient under the statute. Workforce further argues that the circuit court failed to give substantial deference to the findings of fact of the Board. Finally, Workforce argues that the circuit court erred in failing to find that Ms. Gaddy's voluntary resignation from employment disqualified her from receipt of unemployment benefits.

Turning to the issue of equitable tolling, the Supreme Court of Appeals of West Virginia ("Supreme Court") has held that equitable remedies may be applied to decisions of administrative boards in certain cases. *See Hudkins v. State of W. Va. Consol. Pub. Ret. Bd.*, 220 W. Va. 275, 647 S.E.2d 711 (2007) (applying equitable estoppel where petitioner retired after employer promised petitioner that accumulated sick leave would convert to service credit); *see also W. Va. Pub. Ret. Bd. v. Jones*, 233 W. Va. 681, 760 S.E.2d 495 (2014) (discussing whether it was appropriate to apply equitable estoppel to Retirement Board case). Administrative boards are quasi-judicial and have the ability to apply equitable remedies in certain cases. However, this Court notes there is a high standard for equitable remedies. *See Hudkins*, 220 W. Va. at 281, 647 S.E.2d at 717. Further, the Supreme Court has stated that "statutes of limitations are favored in the law and cannot be avoided unless the party seeking to do so brings himself strictly within some exception." *Adkins v. Clark*, 247 W. Va. 128, 875 S.E.2d 266 (2022). Additionally, "[d]isqualifying provisions of the Unemployment Compensation Law are to be narrowly construed." *Summers v. Gatson*, 205 W. Va. 198, 202, 517 S.E.2d 295, 299 (1999) (citing Syl. Pt. 1, *Peery v. Rutlege*, 177 W. Va. 548, 355 S.E.2d 41 (1987)).

The controlling statute for physician certifications in unemployment cases, West Virginia Code § 21A-6-3(1), provides in, part:

> For the purpose of this subdivision, an individual has not left his or her most recent work voluntarily without good cause involving fault on the part of the employer, if the individual was compelled to leave his or her work for his or her own health related reasons and notifies the employer prior to leaving the job or within two business days after leaving the job or as soon as practicable and presents written certification from a licensed physician within 30 days of leaving the job that his or her work aggravated, worsened, or will worsen the individual's health problem.

Regarding the issue of deference, the Supreme Court of Appeals of West Virginia has held that "[a]n appellate court, be it the circuit court . . . may not substitute its judgment for that of the administrative law judge." *See Keatley v. Mercer Cnty. Bd. of Educ.*, 200 W. Va. 487, 490, 490 S.E.2d 306, 309 (1997). Further, "a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for the hearing examiner with regard to factual determinations." *See* Syl. Pt. 1 *Cahill v. Mercer Cnty. Bd. of Educ.,* 208 W. Va. 177, 539 S.E.2d 437 (2000). The ALJ's credibility determinations are binding unless patently

4

without basis in the record. *Martin v. Randolph Cnty. Bd. of Educ.*, 195 W. Va. 297, 304, 465 S.E.2d 399, 406 (1999). Further:

> [I]n applying the clearly erroneous standard to the findings of a [lower tribunal] sitting without a jury, appellate courts must constantly have in mind that their function is not to decide factual issues *de novo*. Indeed, if the lower tribunal's conclusion is plausible when viewing the evidence in its entirety, the appellate court may not reverse even if it would have weighed the evidence differently if it had been the trier of fact.

*Bd. of Educ. of Cnty. Of Mercer v. Wirt*, 192 W. Va. 568, 579, 453 S.E.2d 402, 413 (1994) (citations omitted).

The record demonstrates that Ms. Gaddy left work voluntarily without fault on the part of her employer, and that Ms. Gaddy cited childcare needs as the initial reason for her separation from work. Further, Ms. Gaddy did not provide a physician's certification within thirty days as required by West Virginia Code § 21A-6-3(1). Ms. Gaddy left her position on March 22, 2021, and did not submit her physician's certification until at the earliest, May 7, 2021. It also appears from the record that, as submitted, the certification did not specifically address whether Ms. Gaddy's position aggravated or worsened her anxiety as required by West Virginia Code § 21A-6-3(1). Ms. Gaddy did not demonstrate that she fell within an exception to the deadline set forth in the statute. In the present case, equitable tolling was not an appropriate remedy, as the statute clearly sets forth the time frame in which a physician's certification must be submitted for a valid medical quit.[3] For these reasons, we find that the circuit court was clearly wrong in determining that Ms. Gaddy was eligible for unemployment benefits based on the application of the doctrine of equitable tolling. Further, the circuit court was required by law to give deference to the findings of fact of the Board and the ALJ.

Accordingly, we reverse the circuit court's August 19, 2022, order and remand the matter to circuit court for the entry of an order reinstating the decision of the Board of Review consistent with this decision.

Reversed and Remanded.

**ISSUED:** September 5, 2023

---

[3] The Supreme Court of Appeals has previously held that good cause was not shown for the late filing of a claim for unemployment benefits where the Petitioners were unable to establish with specificity that they were prevented from timely filing the claims. *See Patton v. Gatson*, 207 W. Va. 168, 171, 530 S.E.2d 167, 170 (1999) .

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen