IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

SARA FIELDS,
**Claimant Below, Petitioner**

**FILED**
**September 26, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-266**          (Case No. R-2022-1714)

**CHARLESTON AREA MEDICAL CENTER and
WORKFORCE WEST VIRGINIA,**
**Respondents Below, Respondents**

## MEMORANDUM DECISION

Petitioner Sara Fields appeals Workforce Board of Review's ("BOR") October 31, 2022, decision. Respondent Charleston Area Medical Center ("CAMC") filed its response.[1] Ms. Fields did not file a reply. The issue on appeal is whether the BOR erred by holding that Ms. Fields was ineligible to receive unemployment compensation benefits because she voluntarily left work without good cause involving fault on the part of the employer.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). Having carefully considered the parties' briefs and arguments, the submitted record, and the applicable authorities, we find no error in the BOR's rulings with one exception. For the reasons set forth below, we remand to the BOR for consideration of whether collection of the overpayment to Ms. Fields is barred. Because this case presents no substantial question of law or fact, a memorandum decision is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Ms. Fields was employed as a nutrition technician at CAMC. Ms. Fields was furloughed by CAMC on April 4, 2020, during the COVID-19 pandemic. On May 14, 2020, CAMC contacted Ms. Fields to return to work. Ms. Fields could not return to work at that time because her estranged husband had taken her vehicle and she had no transportation. Ms. Fields was given two weeks to return to work by CAMC. She was scheduled to return on May 28, 2020. She did not return to work at that time.

On April 5, 2020, Ms. Fields filed her claim for unemployment compensation. On August 3, 2022, the claims deputy issued its decision that held that Ms. Fields quit her employment without fault involving CAMC. The decision noted that because of this

---

[1] Ms. Fields is self-represented. CAMC is represented by Constance H. Weber, Esq. Workforce West Virginia did not file a response to Ms. Fields' appeal.

determination, there had been an overpayment in the amount of $8,210.00 that Ms. Fields must repay. Ms. Fields appealed the deputy's decision and on August 31, 2022, a hearing was held before the Administrative Law Judge ("ALJ"). Ms. Fields and the Human Resources representative from CAMC both appeared and testified. On September 8, 2022, the ALJ issued its decision which held that Ms. Fields quit her job but not voluntarily and that Ms. Fields had good cause to quit although the good cause did not involve fault on the part of her employer. CAMC appealed. On October 31, 2022, the BOR issued its decision that reversed the ALJ's decision. The BOR held that the law requires a voluntary quit to be the result of fault of the employer for an employee to be eligible to receive unemployment compensation. Since there was no fault on the part of the employer, Ms. Fields was disqualified from receiving benefits. It is from this decision that Ms. Fields appeals.

Our standard of review is as follows:

> The findings of fact of the Board of Review of [Workforce West Virginia] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

Syl. Pt. 3, *Adkins v. Gatson*, 192 W. Va. 561, 563, 453 S.E.2d 395, 397 (1994).

On appeal, Ms. Fields asserts that she should not have been disqualified from receiving unemployment compensation benefits because she did not obtain the benefits fraudulently and she was under the assumption that she was following the directions of the unemployment compensation office when she filed for benefits. Pursuant to West Virginia Code § 21A-6-3(1) (2020), before an individual is entitled to benefits after quitting their employment, the individual must prove that the employer was at fault. *See Lacy v. Workforce W. Va. Bd. of Rev.,* No. 21-0890, 2022 WL 14805802, at *5 (W. Va. Oct. 26, 2022) (memorandum decision); *Verizon Servs. Corp. v. Epling*, 230 W.Va. 439, 446, 739 S.E.2d 290, 297 (2013) (per curiam). Based on the factual findings of the BOR, which are entitled to deference, it is evident that Ms. Fields' inability to attend work due to her lack of transportation was not in any way attributable to the actions of CAMC. Instead, Ms. Fields' inability to travel to work was solely caused by personal transportation issues. As such, the BOR correctly determined that Ms. Fields was not entitled to the unemployment compensation benefits that she received.

However, recovery of unemployment benefits paid in error is governed by West Virginia Code § 21A-10-21 (1989), provides:[2]

---

[2] The Court notes that West Virginia Code § 21A-10-8 (1990) provides five- and ten-year statutes of limitations for situations involving nondisclosure or misrepresentation by the claimant, which is not at issue in this case.

A person who, by reason of error, irrespective of the nature of said error, has received a sum as a benefit under this chapter, shall either have such sum deducted from a future benefit payable to him or shall repay to the commissioner the amount which he has received. Collection shall be made in the same manner as collection of past due payment. Provided, That such collection or deduction of benefits shall be barred after the expiration of two years.

Here, Ms. Fields applied for unemployment compensation benefits on April 5, 2020. The deputy's decision was issued on August 3, 2022. Pursuant to West Virginia Code §21A-10-21, benefits received by Ms. Fields prior to August 3, 2020, are barred from collection. *See Myers v. Outdoor Express, Inc.*, 235 W. Va. 457, 465, 774 S.E.2d 538, 546 (2015).

Further, Governor Jim Justice's Executive Order No. 11-21 provides, in part:

The provisions of Chapter 21A, Article 10, Section 21 of the Code of West Virginia requiring the commissioner of Workforce West Virginia to collect non-fraudulent unemployment overpayments shall be suspended: provided: (a) the overpayment was received without fault on the part of the claimant; and (b) recoupment of the overpayment would be against equity and good conscience.

Regardless of Ms. Fields' initial eligibility for unemployment compensation benefits, the BOR did not consider Governor Justice's Executive Order in its analysis. Thus, the BOR did not properly analyze whether Workforce is precluded from collecting non-fraudulent overpayments.

Accordingly, this Court affirms the BOR's conclusion that Ms. Fields was ineligible to receive unemployment compensation benefits. She left her employment with CAMC without good cause involving fault on the part of CAMC. However, the overpayment amount is vacated, and this matter is remanded to the BOR for consideration of whether collection of some, or all, of the overpayment to Ms. Fields is barred by West Virginia Code § 21A-10-21 and/or Executive Order No. 11-21.

Affirmed in part, Vacated in part, and Remanded.

**ISSUED:** September 26, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen