# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**OTIS MARTIN**
**Claimant Below, Petitioner**

**vs.) No. 23-ICA-51**         (Workforce Bd. of Review Case No. R-2022-2466)

**WORKFORCE WEST VIRGINIA,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Otis Martin appeals the February 2, 2023, decision of the Workforce West Virginia Board of Review ("Board"), affirming the December 13, 2022, decision of the BOR's administrative law judge ("ALJ"). Workforce West Virginia filed a response.[1] Mr. Martin did not file a reply. The issue on appeal is whether the Board erred in affirming the deputy's decision based upon Mr. Martin's failure to appear for his administrative hearing.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision. Accordingly, a memorandum decision vacating the Board's decision and remanding the matter for further proceedings is appropriate under the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure.

Mr. Martin worked as a delivery driver for an auto parts store from June 15, 2015, to October 6, 2022. Following his discharge from employment, Mr. Martin filed his unemployment claim on October 24, 2022. By a deputy's decision dated November 14, 2022, Mr. Martin was determined to be ineligible for unemployment compensation due to being terminated from his employment for gross misconduct. Mr. Martin appealed the deputy's decision to the Board for a hearing before its ALJ. By notice mailed on November 30, 2022, Mr. Martin was informed that his administrative hearing had been scheduled for December 12, 2022, at 9:30 a.m. The notice further provided that the hearing would be held telephonically, and that Mr. Martin was required to supply the Board with a working telephone number where he could be contacted for the hearing. It is undisputed that Mr. Martin complied with that directive.

---

[1] Mr. Martin is self-represented. Workforce West Virginia is represented by Kimberly A. Levy, Esq.

The hearing proceeded as scheduled on December 12, 2022, whereupon the employer's human resources manager, appeared telephonically with counsel. However, Mr. Martin did not appear. In response, the ALJ stated on the record, "The [c]laimant, Otis Martin, is not present. Mr. Martin provided contact information to the Board of Review to attend the hearing, but two calls to that number went to an automated system requesting additional information that I was unable to provide through the conference call system." Thereafter, counsel for the employer moved to dismiss the appeal based on Mr. Martin's failure to appear and prosecute the same. The ALJ granted the motion, dismissing the matter based upon Mr. Martin's failure to appear and prosecute the appeal. As a result of the dismissal, the deputy's decision was affirmed. The ALJ's ruling was memorialized in a decision dated December 13, 2022, which found and concluded the following:

> [Mr. Martin] failed to appear[,] and the [e]mployer's representative moved that this appeal be dismissed for failure to prosecute, and the decision of the deputy shall be affirmed. [Mr. Martin] appealed this matter and failed to appear to offer testimony. Under the Rules of Civil Procedure, the appeal is dismissed for failure to prosecute. Therefore, the decision of the deputy is affirmed. [Mr. Martin] was discharged for an act of gross misconduct. Disqualified [from unemployment benefits] until claimant returns to covered employment has worked therein at least thirty working days.

On December 19, 2022, Mr. Martin filed an appeal of the ALJ's decision and a request for remand with the Board. In support, Mr. Martin stated, "I wish to appeal [the] deputy's decision[.] The last date to file an appeal was 12/19/2022. I am filing a late appeal because I was to have [a hearing] and no one called me December [12,] 2022[,] and [I] did not receive[] a phone call." By decision dated February 2, 2023, the Board adopted the ALJ's decision in its entirety and held:

> Therefore, the decision of the Administrative Law Judge is hereby affirmed. [Mr. Martin] is disqualified from October 02, 2022, to indefinite. [Mr. Martin] was discharged for an act of gross misconduct. Disqualified until [Mr. Martin] returns to covered employment and has worked therein at least thirty working days.

The Board's decision also denied Mr. Martin's request for remand, finding that he had failed to establish good cause for missing the administrative hearing. Mr. Martin now appeals.

In this appeal, our standard of review is as follows:

> The findings of fact of the Board of Review of [WorkForce West Virginia] are entitled to substantial deference unless a reviewing court believes the

findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

Syl. Pt. 3, *Adkins v. Gatson*, 192 W. Va. 561, 563, 453 S.E.2d 395, 397 (1994).

On appeal, Mr. Martin argues that it was error for the ALJ and Board to affirm the deputy's finding of gross misconduct in their dismissal orders, without first holding a hearing on the merits. We agree. The record clearly reflects that at the administrative hearing on December 12, 2022, the employer's human resources' manager appeared with counsel. However, when Mr. Martin failed to appear, upon the employer's motion to dismiss, the ALJ dismissed the matter and affirmed the deputy's decision. West Virginia Code § 21A-7-8 (1978) requires, in part, that upon an appeal of a deputy's decision, an ALJ must render its ruling based "[u]pon consideration of all evidence[.]" Critically, the ALJ failed to take any testimony or evidence from the employer at the hearing. This is significant when considering that West Virginia Code of State Rules § 84-1-5.6.4 (2018) places the initial burden of proving a discharge for gross misconduct upon the employer. Because there is no evidence in the record to support its decision to affirm the deputy's finding of gross misconduct, the Board clearly erred in adopting the findings of the ALJ in that regard. As such, the Board's decision must be vacated, as well as the matter remanded for a new administrative hearing with a ruling on the merits of Mr. Martin's initial appeal of the deputy's decision.

Accordingly, we vacate the ALJ's decision as adopted by the Board in its February 2, 2023, decision. We further remand the matter to the Board for a new administrative hearing and decision on the merits, regarding Mr. Martin's initial appeal of the deputy's decision.

Vacated and Remanded.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen