# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**February 8, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**WORKFORCE WEST VIRGINIA,**
**Respondent Below, Petitioner**

**vs.) No. 23-ICA-66**          (WorkForce Bd. of Review Case No. X-2022-0207)

**WILLIAM E. BURNS,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner WorkForce West Virginia ("WorkForce") appeals the WorkForce West Virginia Board of Review's ("Board") January 24, 2023, decision. Respondent William E. Burns did not file a response.[1] WorkForce did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

By deputy's decision dated May 11, 2021, Mr. Burns was denied Pandemic Unemployment Assistance ("PUA") benefits. Mr. Burns appealed this decision to the administrative law judge ("ALJ"). By decision dated November 3, 2021, the ALJ reversed the deputy's decision and awarded PUA benefits to Mr. Burns. Pursuant to West Virginia Code § 21A-7-8 (1978), WorkForce had eight days to file an appeal of the ALJ's decision.

WorkForce claims that it first became aware of the ALJ's November 3, 2021, decision on August 10, 2022, when the employee assigned to Mr. Burns' case was contacted by another department within WorkForce and alerted to the decision and resulting overpayment of benefits. WorkForce filed an appeal with the Board on August 11, 2022, and claimed that good cause existed for its late appeal "as the decision of the ALJ is contrary to federal law and its implementation will require WorkForce to act in violation of federal law." WorkForce further noted that Mr. Burns was not eligible for PUA benefits because he was eligible for traditional unemployment benefits and, thus, was not a "covered individual" for the purposes of PUA benefits and the CARES Act.

---

[1] WorkForce is represented by Kimberly A. Levy, Esq. Mr. Burns is self-represented and did not participate in this appeal.

On August 23, 2022, the Board denied WorkForce's appeal as untimely filed, and the Board noted that WorkForce failed to show good cause for the late appeal. On August 31, 2022, WorkForce filed an appeal of the Board's rejection of its untimely-filed appeal to the ALJ, which the ALJ treated as a request for reconsideration of the rejection of the late appeal. The ALJ held a telephonic hearing on October 6, 2022, on the issue of whether good cause existed for WorkForce's late appeal of the November 3, 2021, decision. Alexander Naylor, an Employment Programs Specialist for WorkForce, testified that WorkForce made the decision to not utilize its case management system's notification feature for cases such as Mr. Burns', noting "all notifications in the system were essentially turned off or at least unreviewed." Mr. Naylor further noted, "If we wanted to[,] I guess keep tabs on the claim, then that would have had to be done based off of notes by who had ever attended the appeal hearing . . . at that time to go back in and check daily for when that decision finally was entered into the Claimant's portal." According to Mr. Naylor, he was one of four employees handling PUA appeals and that he typically attended twenty-five to thirty-five hearings a week. He lastly testified that a total of roughly 480,000 PUA claims had been filed with WorkForce.

The ALJ issued a decision dated October 13, 2022, in which it denied the late appeal, finding that WorkForce failed to show good cause. The ALJ noted that due to the large number of PUA cases filed, WorkForce made a business decision not to monitor every case and that Mr. Burns' case was one such case. The ALJ further noted that nine months passed before the case came to WorkForce's attention. While WorkForce was to be given some latitude given the circumstances, the ALJ found that WorkForce was subject to the same procedural rules as Mr. Burns and that it would be unfair to bend the rules for WorkForce and not do so for each claimant. Given the foregoing, the ALJ determined that WorkForce failed to show good cause for the late appeal.

On October 20, 2022, WorkForce appealed the October 13, 2022, ALJ decision to the Board. WorkForce argued that good cause existed for the acceptance of its untimely filed appeal because the Board had failed to define what constitutes "good cause" in its regulations. WorkForce also asserted that the ALJ's November 3, 2021, case was contrary to federal law and its implementation would require WorkForce to act in violation of federal law.

In a January 24, 2023, decision, the Board affirmed the ALJ's October 13, 2022, decision. The Board concluded that good cause would include factors beyond a party's control but not negligence. WorkForce now appeals the Board's January 24, 2023, decision.

In appeals from the Board, our standard of review is as follows:

The findings of fact of the Board of Review of [WorkForce West Virginia] are entitled to substantial deference unless a reviewing court believes the

2

findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

Syl. Pt. 3, *Adkins v. Gatson*, 192 W.Va. 561, 563, 453 S.E.2d 395, 397 (1994).

On appeal, WorkForce argues that the Board erred in concluding that WorkForce failed to establish good cause for its untimely filed appeal, as it resulted from excusable neglect, mistake, and/or unavoidable cause. WorkForce notes that the term "good cause" is not defined by WorkForce's governing statutes or legislative rules, but asks this Court to apply the standard set forth in Syllabus Points 4 and 5 of *Hardwood Group v. LaRocco*, 219 W. Va. 56, 58, 631 S.E.2d 614, 616 (2006). WorkForce maintains that the reason for the late appeal was due to insufficient staff to manage an enormous number of PUA claims and related issues such as the creation of new benefits programs and software. In this case, Mr. Burns' issue, "other program eligibility," was not flagged by the software program for examination by Mr. Naylor. WorkForce contends that, given the totality of circumstances, its failure to timely appeal the November 3, 2021, decision resulted from excusable neglect.

This Court has previously discussed the term "good cause" in the context of appeals from the Board. *See Davis v. Workforce West Virginia*, No. 22-ICA-306, 2023 WL 7202574, at *2 (W. Va. App. Ct. Nov. 1, 2023) (memorandum decision). We declined to apply the standard set forth in *Hardwood Group* and, instead, applied the plain and ordinary meaning of the term. *Id.* at *3. We noted that,

> Black's Law Dictionary defines "good cause" as, "[a] legally sufficient reason. Good cause is often the burden placed on a litigant to show why a request should be granted or an action excused," and is synonymous with the terms, "good cause shown; just cause; lawful cause; [and] sufficient cause." Good Cause, Black's Law Dictionary (11th ed. 2019).

*Id.*

With this definition in mind, we conclude that WorkForce failed to establish good cause for its untimely filed appeal. As demonstrated by the testimony of Mr. Naylor, WorkForce made a strategic decision to not use the notification system of its software for cases with issues such as Mr. Burns' case. Mr. Naylor testified that in order for him to know about the ALJ's decision, he would have had to check Mr. Burns' case in its case management system but did not do so. Neither the decision to not use the notification system nor Mr. Naylor's failure to check the case management system appear to be excusable neglect or otherwise demonstrate good cause for filing an appeal nine months after the deadline. While WorkForce was understandably overwhelmed by the onslaught of PUA claims during the COVID-19 pandemic, it was nevertheless responsible for managing its cases. We conclude that WorkForce's management choices in this case are not sufficient to show good cause.

Accordingly, we affirm the Board's January 24, 2023, decision.

Affirmed.

**ISSUED:** February 8, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear