IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**May 23, 2024**

ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**WORKFORCE WEST VIRGINIA,**
**Respondent Below, Petitioner**

**v.) No. 23-ICA-190**     (WorkForce W. Va. Bd. of Rev. Case No. R-2023-0066)

**JOE F. COOK,**
**Claimant Below, Respondent**


**MEMORANDUM DECISION**

 Petitioner WorkForce West Virginia ("WorkForce") appeals the April 12, 2023, order of the WorkForce West Virginia Board of Review ("Board"). Respondent Joe F. Cook did not participate in this appeal.[1] The issue on appeal is whether Board erred in affirming the WorkForce administrative law judge's ("ALJ") finding that Mr. Cook did not owe an overpayment of unemployment compensation benefits in the State of Ohio, which would allow WorkForce to deduct the overpayments from Mr. Cook's West Virginia unemployment compensation benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

WorkForce is a participant in the Interstate Reciprocal Overpayment Recovery Arrangement ("IRORA"). This arrangement requires that participating states must recognize overpayments of unemployment compensation benefits owed in other participating states. Further, states participating in IRORA are required to deduct overpayment amounts from unemployment compensation benefits and remit to the other state when notice is received from other states.

WorkForce purportedly received a document from the State of Ohio on December 16, 2022, which requested that payments be withheld from Mr. Cook's West Virginia unemployment compensation benefits based on two November 4, 2022, decisions, which found that Mr. Cook received overpayments of benefits from Ohio on the grounds of unemployment fraud. One of these decisions found that Mr. Cook was overpaid $2,988.00

---

[1] WorkForce is represented by Kimberly A. Levy, Esq.

from a regular unemployment compensation insurance program. A second decision found that Mr. Cook was overpaid $1,800.00 under an extended benefit program.

WorkForce mailed a "Deduction Notice of Overpayment for Another State" letter dated December 16, 2022, which advised Mr. Cook that an IB-8606 Request for Recovery Assistance was sent from the State of Ohio for the amount of $1,800. The letter further notified Mr. Cook that all or a portion of his weekly entitlement of $576 would be used to offset the remaining balance pursuant to West Virginia Code § 21A-10-8 (1990). Mr. Cook was advised in the letter that he could appeal the authority of WorkForce's agency to apply his current benefits against the overpayment in Ohio; and/or clerical/bookkeeping errors in the determination of the overpayment balance. Mr. Cook also received overpayment notices from the state of Ohio, which notified him of his overpayments totaling $5,535.

Mr. Cook appealed the "Deduction Notice of Overpayment for Another State" to the Board on January 4, 2023. He stated in his appeal letter that "the IB-8606 is bogus" and that he "worked in the State of Ohio but wasn't overpaid."

The Board's ALJ held a hearing on February 7, 2023. Mr. Cook appeared by telephone, and WorkForce appeared by James Kovello, Program Specialist. Mr. Cook testified that he previously worked for a contractor in Ohio but was laid off. He further stated that after he received notice of the overpayment from the State of Ohio, he contacted the Ohio Attorney General's Office and spoke with an unidentified individual who told him that his account had been "zeroed out" and that no balance was owed. The ALJ noted during the hearing that WorkForce did not submit the November 4, 2022, decisions from the State of Ohio into evidence.

By decision dated February 11, 2023, the ALJ reversed the deputy's decision, holding that Mr. Cook was not overpaid unemployment benefits in the State of Ohio, and that there was presently no overpayment due. The ALJ's decision was based on the finding that Mr. Cook had contacted the Ohio Attorney General's Office and was advised that there was no overpayment due. Further, the ALJ found that WorkForce failed to prove that there was an overpayment due to the State of Ohio.

On February 17, 2023, WorkForce appealed the ALJ's decision to the Board. By decision dated April 12, 2023, the Board affirmed the ALJ. The Board adopted the ALJ's decision in its entirety, finding that there was no overpayment of unemployment compensation benefits in the State of Ohio. It is from this decision that WorkForce now appeals.

Our standard of review in appeals from the Board is as follows:

The findings of fact of the Board of Review of [WorkForce West Virginia] are entitled to substantial deference unless a reviewing court believes the

2

findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

*Taylor v. WorkForce West Virginia*, 249 W. Va. 381, __, 895 S.E.2d 236, 241 (Ct. App. 2023) (quoting Syl. Pt. 3, *Adkins v. Gatson*, 192 W. Va. 561, 453 S.E.2d 395 (1994)).

On appeal, WorkForce raises no assignments of error.[2] WorkForce's brief simply argues that the ALJ exceeded his authority in finding that Mr. Cook had not been overpaid unemployment compensation benefits by the State of Ohio, and that WorkForce has the ability to apply Mr. Cook's unemployment compensation benefits from West Virginia to the Ohio overpayments. We disagree that the ALJ exceeded his authority.

West Virginia Code § 21A-10-8 (1990) provides, in part, that "[a] person who, by reason of nondisclosure or misrepresentation. . . has received a sum as a benefit under this chapter, shall either have such sum deducted from a future benefit payable to him or shall repay to the commissioner the amount which he has received."

Upon review, we cannot conclude that the Board was clearly wrong in finding that WorkForce did not prove that there was an overpayment in the State of Ohio because WorkForce did not put the November 4, 2022, decisions from the State of Ohio, or the IB-8606 Request for Recovery Assistance, which purportedly established the overpayments, into evidence. Further, WorkForce did not offer any other evidence to dispute Mr. Cook's testimony that there was no overpayment due at the time of the hearing. The Board found that Mr. Cook credibly testified that he received the decisions from the State of Ohio, but then contacted the Ohio Attorney General's Office and was advised that there was no overpayment due. It is well established that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations. . . ." *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997). Based on the foregoing, we agree with the Board's conclusion that WorkForce failed to meet its burden of proof with respect to the overpayments.

Accordingly, we affirm the Board's April 12, 2023, decision.

Affirmed.

**ISSUED:** May 23, 2024

---

[2] Rule 10(c)(3) of the West Virginia Rules of Appellate Procedure requires that a petitioner's brief must contain a section with a list of assignments of error that are presented for review. This Court notes that WorkForce's brief failed to set forth assignments of error, and thus did not comply with this rule.

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear