IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
October 28, 2024
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**RETINA VITREOUS CONSULTANTS, INC.,**
**Employer Below, Petitioner**

**v.) No. 23-ICA-579**    (WorkForce W. Va. Bd. of Rev. Case No. R-2023-1593(R-1-E))

**DANA J. BRANDENBURG,**
**Claimant Below, Respondent**

**and**

**WORKFORCE WEST VIRGINIA,**
**Respondent**


**MEMORANDUM DECISION**

Petitioner Retina Vitreous Consultants, Inc. ("Employer") appeals the November 28, 2023, decision of WorkForce West Virginia's Board of Review ("Board"), which found that Respondent Dana J. Brandenburg was eligible for unemployment compensation benefits. Respondent WorkForce West Virginia ("WorkForce") filed a summary response in support of the Board's decision.[1] Employer filed a reply. Ms. Brandenburg did not participate in this appeal. The issue on appeal is whether the Board erred by finding that Employer had failed to prove that Ms. Brandenburg was discharged from her employment for misconduct within the meaning of West Virginia Code § 21A-6-3(2) (2020).

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for resolution through a memorandum decision. For the reasons set forth below, the Board's decision is affirmed, in part, vacated, in part, and this case is remanded for further proceedings consistent with this decision.

Ms. Brandenburg was employed by Employer as a full-time ophthalmic technician from August 15, 2022, to June 29, 2023, working primarily at Employer's office in Wheeling, West Virginia. Employer has an employee handbook that includes standards of conduct and states that insubordination is a violation of its workplace standards. Ms.

---

[1] Employer is represented by Brian D. Lipkin, Esq., and WorkForce is represented by Kimberly A. Levy, Esq.

Brandenburg had never been previously disciplined or cited for misconduct by Employer. On June 8, 2023, Ms. Brandenburg was working at Employer's Bethel Park, Pennsylvania location and was assisting Dr. Phoebe Mellen with her patients. On that day, Dr. Mellen's last appointment was at 3:20 p.m. and it did not conclude until approximately 5:15 p.m.

At the conclusion of the appointment, Ms. Brandenburg exited the office and walked towards the elevator in an adjacent hallway. During this time, she was on the phone with another individual who, according to Ms. Brandenburg, was her child's babysitter who was upset that Ms. Brandenburg was late leaving work. Around this same time, Dr. Mellen exited the office into the hallway and overheard Ms. Brandenburg making what she believed were complaints about her and the last appointment, and referring to Dr. Mellen as a "slow f**ing b**h."

Dr. Mellen did not address this issue with Ms. Brandenburg, but rather, sent an e-mail to Employer's administrator, Deb Shelton. In her correspondence, Dr. Mellen described the incident as follows: "[Ms. Brandenburg] was in the elevator[,] and I was walking towards the elevator – and I heard her speaking to someone on her phone saying 'TWO HOURS! Our last patient was at 3:20 and it's 5:20! Two hours! Because of a f**ing slow b**h.'" Dr. Mellen also stated that she did not believe that she could work with Ms. Brandenburg any longer. Ms. Shelton contacted Ms. Brandenburg and requested a statement about the event in question to which Ms. Brandenburg explained:

> Today when I was leaving Bethel Park I was on the phone with my babysitter as she was expecting me to be home already and had been calling. I was at the elevator waiting for it and it was taking a while and I kept punching the elevator button and said "this elevator is a slow bitch" to my babysitter on the phone.

Employer suspended and then fired Ms. Brandenburg based upon its determination that her actions amounted to insubordination in violation of its code of conduct. Thereafter, Ms. Brandenburg applied with WorkForce for unemployment compensation benefits.

On July 6, 2023, a WorkForce Deputy's Decision found that Employer had failed to prove that Ms. Brandenburg was discharged from her employment for misconduct as required by West Virginia Code § 21A-6-3(2) and held that she was eligible for unemployment benefits. Employer appealed this decision to the Board for an administrative hearing before its administrative law judge ("ALJ").

The administrative hearing was held on August 30, 2023, and at that time Employer appeared, but Ms. Brandenburg did not. The only witness to testify was Dr. Mellen, who testified as to her recollection of the incident on June 8, 2023. In her brief testimony, Dr. Mellen stated that based upon the context of Ms. Brandenburg's statements, she believed that the statements were about her personally. She stated that there were no other

2

individuals in the hallway, but there were other office staff and the subject patient nearby at the office's front desk. Dr. Mellen testified that Ms. Brandenburg was usually very polite and gregarious; however, on June 8, 2023, she appeared irritated and frustrated.

By a decision dated September 20, 2023, the ALJ affirmed the Deputy's Decision, finding that Employer had failed to show misconduct as defined by West Virginia unemployment law, and Ms. Brandenburg was eligible for unemployment compensation. The ALJ's decision found that although Ms. Brandenburg had been discharged for actions which violated Employer's code of conduct, there was no evidence that she had previously violated the code of conduct or had been disciplined by Employer for other misconduct.

Employer appealed this decision to the Board. On November 28, 2023, the Board issued its decision, adopting the ALJ's findings of fact and conclusions of law and affirming the ALJ's decision. This appeal followed.

In this appeal, our standard of review is as follows:

The findings of fact of the Board of Review of [WorkForce West Virginia] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

*Taylor v. WorkForce W. Va.*, 249 W. Va. 381, 386, 895 S.E.2d 236, 241 (Ct. App. 2023) (quoting Syl. Pt. 3, *Adkins v. Gatson*, 192 W. Va. 561, 453 S.E.2d 395 (1994)).

On appeal, Employer's only assignment of error is that the Board erred in its interpretation and application of West Virginia Code § 21A-6-3(2) when it awarded Ms. Brandenburg unemployment compensation benefits. Specifically, Employer argues that the Board erroneously adopted the ALJ's conclusion that Employer did not prove misconduct because there was no evidence that it had taken prior disciplinary action against Ms. Brandenburg. Employer asserts that a showing of prior misconduct or disciplinary action is not required by statute, and that Ms. Brandenburg's derogatory statement towards Dr. Mellen was misconduct. Thus, Employer asks this Court to find that pursuant to West Virginia Code § 21A-6-3(2), Ms. Brandenburg committed gross misconduct; alternatively, Employer asks us to impose the lesser finding of simple misconduct.

We first address whether the Board erred by adopting the ALJ's conclusion that Employer could not prove that Ms. Brandenburg was discharged for misconduct based upon the sole finding that there was no evidence of prior misconduct or disciplinary action. On this issue, it is undisputed that West Virginia Code § 21A-6-3(2) recognizes that an employer may challenge a discharged employee's claim for unemployment benefits by showing the employee was discharged for committing either gross misconduct or simple misconduct. In *Dailey v. Board of Review*, 214 W. Va. 419, 589 S.E.2d 797 (2003), the

3

Supreme Court of Appeals of West Virginia defined these two forms of misconduct as follows:

> For purposes of determining the level of disqualification for unemployment compensation benefits under West Virginia Code § 21A–6–3, an act of misconduct shall be considered gross misconduct where the underlying misconduct consists of (1) willful destruction of the employer's property; (2) assault upon the employer or another employee in certain circumstances; (3) certain instances of use of alcohol or controlled substances as delineated in West Virginia Code § 21A–6–3; (4) arson, theft, larceny, fraud, or embezzlement in connection with employment; or (5) any other gross misconduct which shall include but not be limited to instances where the employee has received prior written notice that his continued acts of misconduct may result in termination of employment. To the extent that *UB Services, Inc. v. Gatson,* 207 W.Va. 365, 532 S.E.2d 365 (2000), implemented a definition for gross misconduct inconsistent with the foregoing, it is expressly overruled.

*Id.* at 421, 589 S.E.2d at 799, syl. pt. 4. Here, Employer is alleging Ms. Brandenburg's derogatory remark towards Dr. Mellen qualifies as "other gross misconduct" under the statute.

> Turning to acts of simple misconduct, *Dailey* explains:

> For purposes of determining the level of disqualification for unemployment compensation benefits under West Virginia Code § 21A–6–3, simple misconduct is conduct evincing such willful and wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.

*Id.* at 421, 589 S.E.2d at 799, syl. pt. 7.

In this case, the Board's misconduct determination was based upon the following rationale:

> The [E]mployer has failed to meet its burden of showing that [Ms. Brandenburg] committed misconduct as defined under West Virginia employment law. Although [Ms. Brandenburg]'s comments violated the

4

[E]mployer's code of conduct, there is no evidence that [she] had previously violated the code of conduct or been disciplined for her conduct.

In this context, we interpret the Board's general use of the term "misconduct" to mean that Employer failed to prove both gross misconduct and simple misconduct. However, as highlighted above in *Dailey*, there is nothing within the plain language of West Virginia § 21A-6-3(2) which requires an employer to show evidence of prior misconduct or discipline in every case where misconduct is raised as a challenge to a discharged employee's claim for unemployment benefits. Rather, such evidence is only relevant when an employer, such as in this case, seeks to establish that a discharged employee engaged in gross misconduct by relying upon the "any other gross misconduct" language of the statute. Thus, we conclude that while acts of prior misconduct or discipline were proper considerations for the Board's gross misconduct determination in this case, we further conclude that it erred by relying upon the same considerations when it determined that Employer failed to prove that Ms. Brandenburg had committed simple misconduct. As such, we vacate the Board's finding as to simple misconduct.

Next, we address Employer's argument that the Court should reverse the Board's decision and find that the evidence establishes that Ms. Brandenburg engaged in either gross misconduct or simple misconduct. Regarding gross misconduct, Employer points out that West Virginia Code § 21A-6-3(2) provides "[t]hat for the purpose of this subdivision, the words 'any other gross misconduct' includes, but is not limited to, any act or acts of misconduct where the individual has received prior written warning that termination of employment may result from the act or acts," and argues that an employer may still meet their burden of proof even in the absence of evidence of prior misconduct, and that based upon the record, they have met that burden of proof. While we agree with Employer that the statute does not limit proof of "other gross misconduct" to evidence of prior written warnings, we disagree with Employer's assertion that it met its burden of proof on this issue.

When an employer relies upon the "other gross misconduct" provision based upon evidence other than prior written warnings, it has been held:

Where the catch-all provision of "other gross misconduct" in West Virginia Code § 21A–6–3(2) is utilized as a basis for denial of all unemployment compensation benefits in the absence of a qualifying prior written warning, the employer is required to furnish evidence that the act in question rises to a level of seriousness equal to or exceeding that of the other specifically enumerated items, and a resolution of matters brought under this subdivision must be analyzed on a case-by-case basis.

*Dailey*, 214 W. Va. at 421, 589 S.E.2d at 799, syl. pt. 6. The "placement of a particular act in the category of gross misconduct should be carefully reviewed and should not be

5

undertaken unless it is clear that such acts constitute gross misconduct as defined by the legislature." *Id.* at 427, 589 S.E.2d at 805. *Dailey* also explained that "[e]xcept where an employee has received a prior written warning, the phrase, 'other gross misconduct,' in West Virginia Code § 21A–6–3(2) evidences the legislature's intent to provide some element of discretion in the Board and reviewing courts, based upon the peculiar facts of each case." *Id.* at 421, 589 S.E.2d at 799, syl. pt. 5.

On appeal, Employer argues that Ms. Brandenburg's conduct is analogous to prior decisions of our Supreme Court of Appeals where discharged employees applying for unemployment compensation were found to have committed gross misconduct. *See Alcan Rolled Products Ravenswood, LLC v. McCarthy*, 234 W. Va. 312, 321-322, 765 S.E.2d 201, 210-211 (2014) (finding that an employee, who was not subject to prior disciplinary action, committed gross misconduct and was ineligible for unemployment benefits where he purposefully threw a jack rock from a picket line into the path of a vehicle convoy carrying management employees to work during a labor strike); *Smith v. Bd. of Educ. of Berkeley Cnty.*, No. 14-0851, 2015 WL 2364292, at *6-7 (W. Va. May 15, 2015) (memorandum decision) (holding that former teacher, who saw students spray aerosol substances in a classroom she shared with co-worker who had professed extreme sensitivity to aerosols and teacher neither cautioned her co-worker not to enter the classroom, nor disciplined the students or otherwise reported the incident, committed "other gross misconduct"). However, we reject this contention and conclude that Ms. Brandenburg's conduct clearly does not rise to the same level of severity as the conduct in *Alcan* and *Smith*.

As established above, the "gross misconduct" provision grants the Board discretion "based upon the peculiar facts of each case," and required Employer to show that Brandenburg's misconduct rose "to a level of seriousness equal to or exceeding that of the other specifically enumerated items[.]" *Dailey*, 214 W. Va. at 427, 589 S.E.2d at 805. Based upon our review of the record, we defer to the Board's discretion in the matter, and conclude that based on the facts of this case, there was no error in the Board's determination that there was insufficient evidence to establish gross misconduct. Therefore, we affirm the Board on this issue.

The final issue before the Court is whether Ms. Brandenburg's actions, which the Board found violated Employer's code of conduct, qualify as simple misconduct. However, because we have vacated the Board's decision as to simple misconduct based upon its misapplication of the law, we conclude that this issue is not presently ripe for consideration and that remand is necessary on this limited issue. Thus, we remand this case to the Board for the limited purpose of determining whether, based upon the existing record, Employer has proven that Ms. Brandenburg engaged in simple misconduct under the applicable factors set forth in *Dailey*. The Board is further directed to issue an amended decision with

sufficient findings of fact and conclusions of law for a meaningful appellate review should either party elect to file a new appeal.[2]

Accordingly, the Board's November 28, 2023, decision is affirmed, in part, and vacated, in part. We affirm the Board's determination that Employer failed to prove gross misconduct and vacate the Board's determination on simple misconduct. We remand this matter to the Board with directions to enter an order remanding this matter to the ALJ for the limited purpose of issuing an amended decision, which substantively addresses whether, based upon the existing record, Ms. Brandenburg's violation of Employer's code of conduct qualifies as simple misconduct under West Virginia Code § 21A-6-3(2), consistent with this decision.

Affirmed, in part, Vacated, in part, and Remanded.

**ISSUED:** October 28, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

[2] On appeal, Employer mistakenly asserts that a finding of either gross misconduct or simple misconduct completely disqualifies Ms. Brandenburg from unemployment compensation. "Not every terminated employee is qualified to receive unemployment compensation benefits. An employee discharged for simple misconduct is partially disqualified from receiving such benefits, whereas an employee terminated for gross misconduct is wholly disqualified." *Alcan*, 234 W. Va. at 314, 765 S.E.2d at 203, syl. pt. 5; W. Va. Code § 21A-6-3(2).

7