# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**REBECCA CAPPELLI-MAYFIELD,**
**Claimant Below, Petitioner**

**v.) No. 24-ICA-400**        (Workforce W. Va. Bd. of Rev. Case No. R-2024-1514)

**MARTINSBURG FAMILY DINER, LLC,**
**Employer Below, Respondent**

**and**

**SCOTT A. ADKINS, in his capacity as**
**Acting Commissioner of WorkForce West Virginia,**
**Respondent**

**FILED**
**June 6, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Rebecca Cappelli-Mayfield appeals the WorkForce West Virginia Board of Review's ("Board") September 6, 2024, decision affirming the Administrative Law Judge's ("ALJ") determination that she left work voluntarily without good cause and was, therefore, disqualified from receiving unemployment benefits. Respondents Martinsburg Family Diner, LLC ("Martinsburg Diner") and Scott A. Adkins, in his capacity as Acting Commissioner of WorkForce West Virginia ("WorkForce") did not participate in this appeal.[1]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

According to the record, Ms. Cappelli-Mayfield was employed by Martinsburg Diner as a hostess from March 7, 2024, to April 14, 2024. Ms. Cappelli-Mayfield took an approved leave of absence beginning April 15, 2024, to complete a court-ordered rehabilitation program. The parties agreed that Ms. Mayfield would contact Martinsburg Diner about returning to work after she completed the rehabilitation program.

On May 7, 2024, Ms. Cappelli-Mayfield sent Martinsburg Diner's general manager a text message, advising that she had returned from rehab and was available to start work

---

[1] Ms. Cappelli-Mayfield is self-represented.

on May 16, 2024. Ms. Cappelli-Mayfield did not receive a response from the general manager following the May 7, 2024, text. At that time, Ms. Cappelli-Mayfield did not try to contact him, or any other manager, by telephone or by going to the restaurant in person. Ms. Cappelli-Mayfield texted the general manager again on May 17, 2024, and on May 20, 2024. In her May 20, 2024, text, Ms. Cappelli-Mayfield advised the general manager that she would be filing for unemployment compensation benefits. The two then engaged in a text exchange regarding her unavailability to work that weekend and why she had not come to or called the restaurant to discuss her return to work.

On May 26, 2024, Ms. Cappelli-Mayfield filed a claim for unemployment benefits contending that she was constructively terminated from her employment when her manager did not respond to text messages when she returned from leave. The WorkForce deputy claims commissioner determined that Ms. Cappelli-Mayfield "did not do what any reasonably prudent person would do to remain employed," and thus, was disqualified from receiving unemployment benefits because she voluntarily left her employment without good cause involving fault on the part of her employer. Ms. Cappelli-Mayfield appealed the deputy's decision, and a hearing was held by the ALJ on July 17, 2024.

In its July 17, 2024, decision, the ALJ affirmed the deputy's decision and concluded, in relevant part:

> In the present case, the claimant quit her employment when she failed to return to work from her leave of absence. The claimant texted the employer's general manager Dan when she returned from her rehabilitation on May 7, 2024, but did not follow up by calling or going to the restaurant when she did not hear back from her text message. . . .The claimant may have communicated with the general manager via text message during her six weeks of employment, but the claimant did not obtain the job via text message and knew of other ways to contact the employer. The claimant did not act as a reasonable person who wanted to return to work when, after receiving no response to her May 7, 2024, text message, she did not follow up by contacting the employer in some other way – such as in person or by phone – about a date and time certain to return to work.
> . . .
>
> It is, therefore, held that the claimant quit her job when she failed to take reasonable steps to return to work following her leave of absence.

Ms. Cappelli-Mayfield appealed the ALJ's decision and on September 6, 2024, the Board affirmed the ALJ's decision in its entirety. It is from the Board's decision that Ms. Cappelli-Mayfield appeals.

Our standard of review in appeals from the Board is as follows:

The findings of fact of the Board of Review of [WorkForce West Virginia] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

*Taylor v. WorkForce W. Va.*, 249 W. Va. 381, 386, 895 S.E.2d 236, 241 (Ct. App. 2023) (quoting Syl. Pt. 3, *Adkins v. Gatson*, 192 W. Va. 561, 453 S.E.2d 395 (1994)). Further, the "legal conclusion that [an employee] quit her job 'voluntarily without good cause involving fault on the part of the employer' within the meaning of West Virginia Code § 21A-6-3(1) [2005] is subject to a de novo standard of review." *Verizon Servs. Corp. v. Epling*, 230 W. Va. 439, 443, 739 S.E.2d 290, 294 (2013) (quoting *May v. Chair and Members, Bd. of Review*, 222 W. Va. 373, 376, 664 S.E.2d 714, 717 (2008)).

On appeal, Ms. Cappelli-Mayfield asserts that she did not voluntarily leave her employment with Martinsburg Diner. Instead, she contends that Martinsburg Diner constructively terminated her by failing to respond to contact attempts when she returned from her leave of absence.[2]

West Virginia Code § 21A-6-3 (2020) provides, in relevant part: "Upon the determination of the facts by the commissioner, an individual is disqualified for benefits: (1) For the week in which he or she left his or her most recent work voluntarily without good cause involving fault on the part of the employer. . . ."

When determining whether an employee "voluntarily quit" his or her employment, the SCAWV has explained: "[f]rom our reading of the [Unemployment Compensation] Act, we believe the obligation of employees under the Act is to do whatever is reasonable and necessary to remain employed." *Childress v. Muzzle*, 222 W. Va. 129, 133, 663 S.E.2d 583, 587 (2008). In this case, the Board cited *Childress* and found that Ms. Cappelli-Mayfield did not take the necessary steps a reasonable person in her position would take to return to work. According to the Board, a reasonable person in Ms. Cappelli-Mayfield's shoes who desired to return to work would have taken additional action—such as contacting her employer by telephone or in person—to ensure she remained employed, after not receiving responses to her May 7th and May 17th text messages. Ms. Cappelli-Mayfield testified at the ALJ hearing that she did not talk to her manager or anyone else at Martinsburg Diner by telephone or go to the restaurant in person to discuss her job status.

---

[2] Neither Martinsburg Diner nor WorkForce responded in opposition to Ms. Cappelli-Mayfield's arguments or in support of the order on appeal. We remind the parties that pursuant to Rule 10(d) of the Rules of Appellate Procedure, when a respondent fails to participate, we have discretion to find that said respondent agrees with the petitioner's arguments. In this case, however, we decline to impose that finding upon the nonparticipating parties, because Ms. Cappelli-Mayfield has not shown reversible error even if the negative inference of Rule 10(d) was imposed.

Because reasonable and necessary steps by the employee are required, and Ms. Cappelli-Mayfield did not take those steps, we find no error in the Board disqualifying Ms. Cappelli-Mayfield from receiving unemployment benefits for voluntarily leaving her employment without good cause involving fault by her employer.

Accordingly, we affirm the Board's September 6, 2024, decision.

Affirmed.

**ISSUED:** June 6, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White